UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 11-CR-10260-NMG |
| AARON SWARTZ, ) | |
| ) | |
| Defendant. ) | |

**MOTION BY UNITED STATES FOR AUTHORIZATION TO USE**
**ALTERNATIVE NOTICE PROCEDURES FOR VICTIMS**

The United States of America, by and through its undersigned attorney, respectfully requests authorization to use alternative notice procedures for the large number of actual and potential victims in the instant case.

The Justice for All Act of 2004 ("the Act"), codified at 18 U.S.C. § 3771, was signed into law on October 30, 2004. The Act provides certain rights to victims in federal criminal proceedings. Among these rights are the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense ..." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures that will not unduly interfere with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides:

> [i]n a case where the Court finds that the number of crime victims
> makes it impracticable to accord all of the crime victims the rights
> described in subsection (a), the Court shall fashion a reasonable
> procedure to give effect to this chapter that does not unduly complicate
> or prolong the proceedings.

There are two classes of victims in the present case.  First, there are those entities whose computer systems were compromised by the defendant: the Massachusetts Institute of Technology ("MIT") and JSTOR (owned by ITHAKA).  Second, there are the numerous publishers for whom JSTOR facilitated the sale of individual articles stored in JSTOR's archive.

The government does not seek a complete waiver of the notice provision of the Act.  Rather, the United States proposes that the Court authorize that notification be made to victims in the following manner:

    a.    Department of Justice Victim Notification System: The government will utilize the Victim Notification System (VNS) to notify JSTOR and MIT.  The VNS enables the government to inform victims entered in the system of scheduled court dates and significant court event outcomes.

    b.    Website: The government will place links on its website (www.usdoj.gov/usao/ma) to provide information to interested publishers and the public regarding this case.

In this case, the number of publishers affected was large, and as noted above, it is impracticable to provide individualized notice to all of them.  The procedure described above is a reasonable one that will give effect to the Act without unduly complicating or prolonging the proceedings.

WHEREFORE, the United States respectfully requests that the Court authorize the government to enact the proposed plan for notifying victims of this crime, and that the Court find that the proposed plan is a reasonable procedure to satisfy the government's obligations under 18 U.S.C. § 3771.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Stephen P. Heymann
       STEPHEN P. HEYMANN
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ Stephen P. Heymann
        STEPHEN P. HEYMANN
        Assistant United States Attorney

Date: July 21, 2011