UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | \| \| \| |
| v. | \| CRIMINAL No. 11-CR-10260-NMG \| |
| AARON SWARTZ,<br>           Defendant. | \| \| |

JOINT MEMORANDUM FOR INITIAL STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

(1)     Relief from Rule 116.3 – Discovery Motion Practice

The parties request relief from the schedule set out in Local Rule 116.3 in view of the parties' dispute concerning a protective order.

(2)     Expert witness discovery

The government anticipates offering expert witness testimony in the areas of computer networks, computer network security, computer programming, computer forensics, records created by computers and attempts to breach computer network security measures. The defendant requests discovery concerning expert witnesses. The parties disagree on what dates should be established for expert disclosure and whether the dates should be the same for both parties.

(3)     Additional discovery

The government has initiated automatic discovery required under the Local Rules but has conditioned providing some of this discovery subject to entry of a protective order, the terms of

which the parties are currently negotiating. If the parties cannot reach agreement, the government will file a motion for a protective order and the defendant will file a motion to compel disclosure in the absence of a protective order or proposing different terms for a protective order. The parties' cross-motions will be no later than two weeks after the September 9, 2011 status conference.

Defense counsel will need more time to review the material already provided and the material that will be provided after entry of a protective order. The government anticipates obtaining other discoverable items and will provide them to defense counsel or make them available for inspection when available.

(4)     Motion date

The government contends that a protective order is appropriate in this case. The parties have not yet determined whether they can agree on the terms of a protective order or whether this issue will need to be litigated. The parties request that the Court order the parties' cross-motions for a protective order and to compel discovery be filed no later than two weeks after the September 9th status conference, and set the motions for hearing four weeks after the status conference.

The parties request that the Court schedule an interim status conference, at which the Court would establish the date by which Defendant would be required to file any motions to dismiss the indictment or to suppress evidence.

(5)     Excludable delay

The parties ask the Court to grant the government's previously-filed motion to exclude the time from August 16, 2011, through September 9, 2011, and to exclude this time and the time from the date of the Initial Status Conference to an interim status conference under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for the parties to negotiate a protective order, and for Defendant Swartz

to review discovery, investigate possible defenses, and evaluate the need for pre-trial motions. The ends of justice served by this exclusion would outweigh the best interest of the public and the defendant in a speedy trial.

(6) <u>Trial likelihood and length</u>:

The parties anticipate that there will be a trial and that it will take approximately two weeks, but will likely take longer if the parties are unable to work out trial stipulations and if Defendant Swartz puts on any witnesses in his defense.

(7) <u>Interim status conference</u>:

The parties ask the Court to schedule an interim status conference during the week of October 3, 2011.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By:   <u>/s/ Scott L. Garland</u>
    Stephen P. Heymann
    Scott L. Garland
    Assistant U.S. Attorneys

    Andrew Good, Esq.
    Counsel for Defendant Aaron Swartz

    <u>/s/ Andrew Good by slg</u>
    Andrew Good, Esq.
    Good and Cormier

Date: September 7, 2011

CERTIFICATE OF SERVICE

      I hereby certify that this document is being filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                   */s/ Scott L. Garland*
                                   Scott L. Garland
                                   Assistant United States Attorney

Date: September 7, 2011