UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No.
11-10260-NMG

UNITED STATES OF AMERICA
v.

AARON SWARTZ

**ORDER AND
INITIAL STATUS REPORT**

September 9, 2011

DEIN, M.J.

An Initial Status Conference was held before this court on Friday, September 9,

2011 pursuant to the provisions of Local Rule 116.5(A).  Based on that conference, this

court enters the following report and orders, to wit:

1.   The defendant is in the process of reviewing the materials produced by
     the government to date.   The parties are attempting to agree on the
     terms of a confidentiality agreement to govern the terms of production of
     additional documents.  If the parties cannot agree, they shall each file
     their proposed order by **September 27, 2011**; responses are to be filed
     by **October 6, 2011**, and argument will be heard on **October 11, 2011 at
     11:00 a.m.**

2.   The defendant has requested expert discovery, and the parties will submit
     a proposed schedule at the next status conference.  Pursuant to the
     schedule, the government shall produce its expert discovery first, then the
     defendant, then an opportunity for the government to respond.

3.   All dates for filing discovery and/or dispositive motions shall be set at the
     next status conference.

4.   In this court's view, this is not a case involving unusual or complex issues
     for which an early joint conference of the district judge and the magistrate
     judge with counsel of record would be useful.

5.   In this court's view, this is not a case involving features which would
     warrant special attention or modification of the standard schedule, except
     as provided herein.

6.    The parties anticipate that there will be a trial, and that the government's case will take approximately 2 weeks.

7.    This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) and Section 5(b)(7)(B) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008) that the defendant requires additional time for the preparation of an effective defense, including time for review of the evidence, and consideration of alternatives concerning how best to proceed with this matter, and that the interests of justice outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

      Accordingly, it is hereby ordered that the Clerk of this Court enter excludable time for the period of August 16, 2011 through November 2, 2011, that being the period between the expiration of the last order on excludable time and the next status conference.[1]

8.    Based upon the prior order of the court dated July 19, 2011 and the order entered contemporaneously herewith, at the time of the Interim Status Conference on November 2, 2011 there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy (70) days will remain under the Speedy Trial Act in which this case must be tried.

9.    **An Interim Status Conference has been scheduled for November 2, 2011 at 2:30 p.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(A)(1) through (7) before the close of business no less than THREE business days prior to that Status Conference**.  In addition, the parties shall include in the Joint Memorandum not only the periods

---

[1]   The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

**of excludable time that are applicable, but also the amount of time remaining under the Speedy Trial Act before trial must commence, as well as the total amount of time which has been excluded.**

    / s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE