UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10260-NMG |
| | ) | |
| **AARON SWARTZ,** | ) | |
|     Defendant | ) | |

## PROTECTIVE ORDER

      Whereas the Indictment in this case alleges that JSTOR and the Massachusetts Institute of Technology ("MIT") are victims of conduct committed by Defendant Aaron Swartz, and the materials discoverable in this case under Fed. R. Crim. P. 16 and L. R. 116.1-116.2 contain potentially sensitive, confidential and proprietary communications, documents, and records obtained from JSTOR and MIT, including discussion of the victims' computer systems and security measures,

      The Court finds good cause for, entry of this Protective Order pursuant to Fed. R. Crim. P. 16(d):

      1.      The Government shall produce all documents, files and records discoverable under Fed. R. Crim. P. 16 and L.R. 116.1-116.2 for review by the defense - that is, Defendant Swartz, his defense counsel and their staff, and any experts or investigators retained by the defense - in accordance with the conditions set by this Order.

      2.      With the exception of files contained on four hard drives delivered to the Government pursuant to an agreement between JSTOR and Defendant Swartz dated June 4, 2011, and "Downloaded Data" as defined in that agreement contained on a Maxtor hard drive

seized by the Government on January 6, 2011, defense counsel, their staff, and experts or investigators retained by the defense may obtain and make copies of discovery materials they deem necessary to prepare the defense of this case. All discovery materials and copies of discovery materials made by them or provided to them by the United States shall be kept securely at the offices of defense counsel, retained experts, or retained investigators, and shall not be transmitted to or kept anywhere else. Notwithstanding the foregoing, Defendant may keep securely at his residence in Boston or New York copies of the fingerprint analyses, photo spreads, search warrants and supporting affidavits produced during discovery for the purpose of litigating this case.

3. The defense shall use the discovery materials solely and exclusively to litigate this case (including investigation, pre-trial motions, trial preparation, trial, and appeal), and not for any other purpose. Except when preparing a potential witness, the defense shall not show or make the discovery materials available by any means (electronic, physical or otherwise) to any person who is not a member of the defense, absent further order of this Court. Once a potential witness has also signed and agreed to be bound by the terms of this Protective Order, the defense may show the potential witness discovery materials necessary to prepare them, but may not give or allow the potential witness to retain the discovery materials or copies of them.

4. Each person receiving access to the discovery materials, including members of the defense, shall sign and date a copy of this Order to indicate their understanding of, acknowledgment of, and agreement to abide by its terms. No one may review the discovery materials unless he or she first signs a copy of this Order. Defense counsel shall keep the signed copies in the event of a disclosure or use of discovery materials prohibited by this Order.

Defense counsel shall not be required to disclose to the Government who has been given access to what discovery materials, absent further order of this Court following an opportunity to be heard.

5.      Defense counsel shall promptly notify the Government and this Court if any discovery materials are disclosed either intentionally or unintentionally to anyone not designated by this Order or further order of the Court. Each member of the defense and potential witness provided access to discovery materials shall promptly notify defense counsel of any such disclosures.

6.      At the end of these proceedings, including any potential appeals, the defense shall destroy all copies of discovery materials received and made by it. Defense counsel may keep one copy of all discovery materials for such additional time as they deem necessary to ensure their ability to satisfy all professional obligations to Defendant in this matter.

7.      The Government shall make copies of the four hard drives delivered to the Government pursuant to an agreement between JSTOR and Defendant Swartz dated June 4, 2011, and "Downloaded Data" as defined in that agreement contained on a Maxtor hard drive seized by the government on January 6, 2011 available for review by the defense at the Boston Office of the Secret Service at mutually convenient times. During any review conducted by the defense, the Secret Service shall make an agent otherwise unaffiliated with the investigation and prosecution of this case available to provide assistance. This agent shall not communicate with the prosecution team about what items the defense reviews, except at the request of Defendant Swartz or with prior approval of the Court.

8.      Nothing in this protective order is intended to otherwise restrict the proper use by

the defense of any discovery materials during the investigation, pre-trial litigation, trial preparation, trial or appeal of this matter.

SO ORDERED.

                                                                             _____
                                                                             JUDITH G. DEIN

Date:                                                           United States Chief Magistrate Judge