UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| OF AMERICA| ) | |
| ) | |
| v. ) | Crim. No. 11-CR-10260-NMG |
| ) | |
| AARON SWARTZ, ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO**
**MOTION OF THE UNITED STATES FOR A PROTECTIVE ORDER**

Defendant, Aaron Swartz, submits this opposition to the Government's motion for a protective order, including the proposed order attached thereto. Dkt. No. 18. Mr. Swartz has filed a cross-motion to compel with a proposed order attached thereto as Exhibit A. Dkt. No. 19. He has also filed a memorandum of law. Dkt. No. 20.

At the outset, it is critical to note that the Government acknowledges that all of the documents and information it has withheld are automatically discoverable under this Court's local rules or Rule 16, or both. It does not argue that these rules do not require disclosure of the withheld documents and information. It does not argue that there is any reason to delay these disclosures either. The Government's motion provides no lawful basis for the entry of its proposed protective order.

**I.  THE INDICTMENT'S UNPROVEN ALLEGATIONS CANNOT ESTABLISH "GOOD CAUSE" FOR THE ISSUANCE OF THE GOVERNMENT'S PROPOSED ORDER.**

Both the first paragraph of the Government's proposed order and its motion rely on the indictment's unproven allegations, as if this Court may rely on them as evidence to support a finding of good cause to enter a protective order under Rule 16(d)(1). The government would have this Court find that JSTOR and MIT are "victims" before the

trial.   The Government cites no legal authority for any of this, because there is none. The Government is urging this Court to obliterate the presumption of innocence and the Government's burden of proof at trial. It would have this Court call this abrogation of Mr. Swartz's constitutional rights "good cause."  The Government says that some of its evidence "cannot be disputed," but its position urges the Court to accept the Government's representations as fact, its version of the evidence and its supposed indisputable nature as truth or, at a minimum, to presume that the Government's representations are true. All of that is prohibited the Constitution.

Based on this unconstitutional predicate, the Government urges this Court to find that Mr. Swartz presents a "very real risk of serious and irremediable harm."  Gov. Motion at 1. There is nothing in the record that can support such an unconstitutional finding.  Indeed, the evidence pertaining to Mr. Swartz's trustworthiness includes the following:  (1) Mr. Swartz appeared voluntarily for arraignment; (2) Mr. Swartz has been in full compliance with the conditions of his release; (3) on June 7, 2011, months prior to his arraignment, Mr. Swartz provided certain hard drives to the Government. The Government's August 12, 2011 letter states that this was a "consensual and unconditional delivery."  There is absolutely no basis in this record to find that Mr. Swartz cannot be trusted to use the discovery and assist in the presentation of his defense in a lawful manner.

## II. THE GOVERNMENT'S UNSUPPORTED AND UNPROVEN ALLEGATIONS CANNOT SUPPORT A FINDING THAT THE WITHHELD DOCUMENTS AND INFORMATION ARE "SENSITIVE, CONFIDENTIAL OR PROPRIETARY."

### A. The Categories of Withheld Documents and Information Are Overbroad and Completely Unjustified.

The Government has withheld the following: (1) the defendant's written statements, including statements that it intends to offer in its case-in-chief; (2) software that it alleges Mr. Swartz wrote and used to commit the offenses alleged in the indictment; and (3) evidence seized from Mr. Swartz's residence and workplace including:

- Acer laptop computer recovered at MIT
- Western Digital hard drive recovered at MIT[*]
- HP USB drive seized from the defendant at the time of his arrest
- Apple iMac computer seized at Harvard
- Western Digital hard drive seized at Harvard
- HTC G2 cell phone seized during the search of the defendant's residence
- Nokia 2320 cell phone seized during the search of the defendant's residence
- Sony Micro Vault seized during the search of the defendant's residence

The Government has overbroadly, and without any justification, withheld documents and information that it alleges was written by, or sourced from, Mr. Swartz, even thought it has not shown that any of this information is sensitive, confidential, proprietary or valuable.

For example, the Government argues speciously that Mr. Swartz's access should be restricted to software code even though it alleges that Mr. Swartz authored and used that very software code. If its allegation is correct, Mr. Swartz has always been fully capable of writing the code again now, and broadcasting it if he so chooses. He has not done so.  The Government provides no basis whatsoever for withholding or restricting Mr. Swartz's access to his own written statements and the evidence it seized from computers that it alleges belonged to Mr. Swartz. The fact that this information has been withheld unjustifiably makes it clear that the

---

[*] Search warrant applications for devices seized at MIT and Harvard allege probable cause to believe that these devices belong to Mr. Swartz and are evidence of the commission of the offenses charged in the indictment.

Government is seeking to burden Mr. Swartz in the conduct of his defense for no legitimate reason.

### B. The Withheld Documents Are Not Sensitive, Confidential, Proprietary or Valuable.

Under the rules of civil and criminal procedure, litigants in this Court are not permitted to withhold documents from discovery, or to claim entitlement to protective orders, simply because they make self-serving and unsubstantiated claims that the documents or information are not discoverable on the same terms as any other discoverable materials. The Government is not exempt from having to substantiate its claims with evidence, nor is any proffered substantiation immune from adversarial challenge. This is particularly true when discovery provided for by the Rules of Criminal Procedures is an essential assurance of the fairness of criminal trials, and the accuracy of verdicts that can deprive a person of his or her liberty.

The Government's bare assertion that the withheld documents and information are "<u>potentially</u> sensitive, confidential, and proprietary" (Gov. Order at 1, emphasis supplied) or "very valuable" (Gov. Motion at 2) falls far short of providing any evidentiary and lawful basis for the issuance of a protective order. The Government cannot and does not say that any of the withheld information is <u>actually</u> "sensitive" (a term that has no legal meaning in this criminal discovery context), confidential, or proprietary. Tellingly, the Government claims only that the withheld information is "<u>potentially</u>" sensitive, confidential, and proprietary. The Government has provided zero evidence to support a judicial finding that any of the withheld documents and information, much less all of that material, is actually "sensitive, confidential, and proprietary" or "very valuable."

4

### C. The Government's Purported Justifications For Withholding Discoverable Documents and Information Are Unsupported by Evidence and Any Such Evidence Must Be Subject to Adversarial Challenge.

This Court lacks authority to approve the Government's proposal to impose the significant and unwarranted burdens on Mr. Swartz's ability to participate efficiently and effectively in his own defense, without the Government presenting evidence that can be subjected to adversarial scrutiny and challenge. In a footnote to its motion, the Government says, "A JSTOR representative will address this issue before the Court at hearing on this motion." Dkt. No. 18 at 3 n.1. This cannot be permitted. If the Government has evidence to support the purported justifications for imposing a burden on Mr. Swartz's participation in his defense, it must be presented in evidentiary form so that it can be subjected to cross-examination and adversarial challenge. When litigants assert rights to withhold discovery or seek to impose restrictions on access, they must do so under oath in evidentiary form. Such claims are then properly subject to adversarial challenge. The government has had months to present such evidence, and it has failed to do so.

### III. THE RESTRICTIONS PROPOSED BY THE GOVERNMENT ARE UNJUSTIFIED AND IMPROPERLY INTERFERE WITH THE EFFECTIVE AND EFFICIENT FUNCTIONING OF THE DEFENSE.

#### A. Restrictions on Documents Other Than Data on External Drives Delivered by Mr. Swartz.

In substance, paragraphs 2 and 3 of the Government's proposed order prohibit Mr. Swartz from having copies of documents and information provided by the Government. Under the Government's proposal, the documents cannot be electronically transmitted to Mr. Swartz by his counsel, investigators or experts.

5

Paragraph 3 prohibits the defense from displaying the documents and information to prospective trial witnesses unless they first sign the protective order. These restrictions impose burdens on the cost-efficient and effective functioning of the defense. The Court cannot impose handicaps on the defense's functioning without substantial evidence justifying them. No such evidence has been proffered.

The most important member of the defense team is Mr. Swartz. This case centers on complex issues concerning the operation for several months of complex computers and computer networks, software written in computer languages, etc. Mr. Swartz works during the day, mostly in New York City. Undersigned counsel works in Boston during the day. The defenses experts are not in New York or Boston and work during the day. His investigators are not in New York. Mr. Swartz must work on his case during nights and weekends. His work will consume a great many hours. It is prohibitively expensive to require Mr. Swartz to have to work with the discovery materials in the presence of a court-ordered supervisor. The gain from having Mr. Swartz work in the presence of others is non-existent. He must be able to take notes and write memos for the defense team based on what he examines. He can recall what he examines. The supposed gain in data security sought by the Government is slight to non-existent, but the expensive handicap imposed on the defense is prohibitive.

The prohibition of transmission of the materials to and from Mr. Swartz makes it impossible to conduct timely, effective and efficient, interactive consultation between Mr. Swartz and his defense team. It is absolutely essential for Mr. Swartz and the defense team to be able to circulate, annotate and comment on the details in the

6

discoverable documents without Mr. Swartz having to be in the presence of anyone when he works on this case. That kind of free and frequent communication at all hours is essential to the functioning of the defense including, but not limited to, the period shortly before and during the trial.

The Government will not be similarly restricted. It can freely provide whatever information it wants, by whatever means, to the prosecution team and potential witnesses. The Rules of Criminal Procedure are designed to preserve – not skew – the balance of litigation advantage in the exchange and use of discoverable information. Nothing in the record supports a finding that Mr. Swartz will obstruct justice or abuse discoverable information. To the contrary, all of the evidence supports Mr. Swartz's trustworthiness as a litigant who is presumed innocent in this case.

### B. Restrictions Pertaining to Data Delivered to the Government by Mr. Swartz.

The government claims that only the government has the ability to secure the data on the drives Mr. Swartz delivered to the government from being obtained by third parties. Without the slightest evidence to support its assertion, the Government would have this Court rule as if the defense's facilities lack adequate security for this purpose. Undersigned counsel has secured from intrusion and theft highly confidential information for decades without a single security breach. There is absolutely no reason to doubt that the defense cannot store and use the information securely. But, in reality, the Government's proposed order imposes prohibitive, logistical and security problems for the defense.

**First**, any defense examination of the data delivered by Mr. Swartz to the

Government entails making an electronic record in that data of the defense's searches and examination of the data. The defense may need to install and use its own software to conduct its examination on a government-controlled computer.  The defense will need to make copies of certain information for purposes of investigation, trial preparation and trial.  If the government's proposed order is approved, all of that information must be included in data that remains in the custody of the Government. All of this is unquestionably work product information. Paragraph 4 of the Government's proposed order would require the defense's work product privileged information to be in the custody of the Government. This chills the defense's activities.  This cannot be reconciled with the Sixth Amendment right to counsel.  The government's work product will not be similarly exposed. The lack of even handedness violates due process fairness. There is no legal authority to impose such unconstitutional burdens on the defense.

**Second**, the proposed protective order would require the defense to work on a Government-controlled schedule and in a Government-selected location on Government-controlled computers. There is absolutely no justification for hobbling the defense in this manner.  The defense must be agile and absolutely independent. It should not be dependent on having to make arrangements with the Government to work at times and under conditions that the government deems feasible.

**Third,** much of the supposedly proprietary and valuable information allegedly on the drives delivered by Mr. Swartz is in the public domain either due to JSTOR's actions or other reasons. For example, on September 6, 2011, weeks after this indictment was returned, JSTOR's website made what it terms "Early Journal

8

Content" consisting of "nearly 500,000 articles" publicly accessible to anyone. JSTOR also stated its intention to make additional releases of articles. See JSTOR announcement attached hereto as Exhibit 1. In practical terms, the Government is urging this Court to require the defense to examine in a Government office approximately 500,000 articles that are publicly accessible for free or have been made publicly accessible for free by JSTOR. All of the articles in JSTOR's database can be freely accessed in libraries.

Paragraph 4 of the proposed order applies to defense examination of huge amounts of non-proprietary, public domain information. For that reason, paragraph 4 is nonsensical and imposes an onerous and prohibitive burden on the defense for no legitimate reason.

## VI.    CONCLUSION

For all the foregoing reasons, Mr. Swartz urges the Court to deny the Government's motion for a protective order.

Respectfully submitted,

*/s/Andrew Good*
Andrew Good
BBO # 201240
Good & Cormier
83 Atlantic Avenue
Boston, MA 02110
Tel. 617-523-5933
agood@goodcormier.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent to counsel for the Government who are registered participants as identified on the Notice of Electronic Filing ("NEF").

DATED:  October 6, 2011

> /s/ *Andrew Good*
> Andrew Good