UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10260-NMG |
| | ) | |
| **AARON SWARTZ,** | ) | |
| Defendant | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

The Court should deny the Defendant's motion to compel discovery.

The Government stands ready to produce the balance of automatic discovery once a protective order is in place. In fact, Exhibit 1 to Defendant's motion to compel discovery reflects the Government's willingness to produce most of the items identified in Defendant's motion to compel. As a precondition, however, this Court should put in place effective safeguards to prevent potentially irreparable and significant harm to the victims in this case by misuse of the discovery materials. The Government's proposed protective order strikes a careful balance between the risks of further harm to victims and the convenience of the defense in accessing sensitive materials. Once the Court resolves the nature and scope of an appropriate protective order, the materials will be produced without need of further intervention by the Court.

Defendant's motion to compel also seeks materials beyond those required by automatic discovery rules. To that extent, the Local Rules have a mechanism for requests for discovery: L.R. 116.3, which requires a defendant to request discovery by *letter* before filing a motion "[e]xcept in an emergency." This process was intended to avoid motion practice such as this.

The Court should consider a discovery motion only if Rule 116.3's process of consultation and the exchange of letters does not lead to a satisfactory resolution. This was the process the Government followed when seeking to negotiate a protective order.

Defendant did not follow this rule here. In particular, Defendant has not previously requested from the government:

(1) Written statements by Defendant which are not relevant to the prosecution of this case and therefore not encompassed by Rule 16(a)(1)(B), such as certain Twitter postings, postings on his own website, text messages and electronic mail (requested in Item 1);

(2) Complete video recordings, including extraneous time periods which will not be offered at trial and therefore are not encompassed by Rule 16 (E) (requested in Item 5);

(3) The name of the student who identified Defendant from the photo array, whose name was appropriately redacted from the public record for purposes of privacy (requested in Item 6); and

(4) E-mail references and network flow data from Defandant's own computer which he claims to be exculpatory evidence, but actually is not (requested in Item 7).

To expedite discovery, the Government proposes that the Court deny Defendant's motion to compel as unripe, and that the Government be allowed to treat Defendant's motion to compel as the type of discovery letter mandated by Local Rule 116.3, and to respond to the request by letter in accordance with the Rule. We anticipate most, if not all, discovery matters can be worked out with defense counsel through the process mandated by the Local Rules once a protective order is in place.

        Respectfully submitted,

        Carmen M. Ortiz
        United States Attorney

By:   */s/ Stephen P. Heymann*
        Stephen P. Heymann
        Scott L. Garland
        Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that these documents are being filed through the ECF system and therefore will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        */s/ Stephen P. Heymann*
        Stephen P. Heymann
        Assistant U.S. Attorney

Date: October 6, 2011