UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10260-NMG |
| | ) | |
| AARON SWARTZ, | ) | |
| | ) | |
| Defendant | ) | |

REPORT TO THE COURT RE DISCOVERY

At the hearing on October 11, 2011, concerning the Government's Motion for a Protective Order and the defendant's contemporaneous Motion to Compel Discovery, the Court asked the government to report back:

(1) Whether it was possible to provide the defense metadata associated with files the defendant downloaded from JSTOR, without the valuable files themselves; and

(2) Which categories of discovery materials the Government proposed the defendant be able to review only in his counsel's office, given the Court's preliminary ruling that those categories should be limited.

This report addresses those questions.

The Metadata

The database stolen by the defendant from JSTOR is contained on five hard drives and consists of approximately 4.85 million, unique .pdf documents. The Government has collected metadata for each of the downloaded documents, including the document's file name, size, location, when it was created, last written and modified. The metadata and uniquely identifying hash values (the equivalent of a "digital fingerprints") for the downloaded documents are being mailed to the defendant today in an electronically searchable, .txt format.

The Narrow Categories

At the hearing, the Court expressed its desire to limit the materials that the defendant would be required to view at his counsel's office, and asked the Government to review the discovery materials for this purpose. Having reviewed the discovery and consulted with victims, the Government has identified three categories:

(1) Two e-mail chains containing discussions of security weaknesses in MIT's computer network;

(2) Seven e-mail chains (or portions of chains) containing discussions of security methods of and weaknesses in JSTOR's network; and

(3) Police reports containing the name of one student who identified the defendant from a photo spread, and one non-law enforcement witness, who has been charged but not convicted in state court in a matter arising out of a personal relationship.

An example of an e-mail from each of the two categories of vulnerabilities is being provided to the Court under seal for its review.

The sensitivity of the two categories of emails that the Government proposes to restrain are self-evident. The e-mails' release over the Internet, by any means, for any purpose, or by any individual, would invite further victimization of MIT and JSTOR and facilitate that victimization. The number of e-mails is modest: they have been selected after a careful and particularized review, and will not impose any meaningful burden on the defendant to review in his counsel's office.

The Government understands that the Court intends to enter a protective order limiting the use of discovery materials to use solely and exclusively to litigate this case, and not for any other purpose. Subject to such a protective order, the Government has no objection to providing the names of the student and the witness to the defense at this time. A redacted form of the

identification reports already has been provided to the defendant and redacted police reports relating to the witness will be provided as soon as the protective order is in place. By separating the name from these reports, the Government to prevent undue embarrassment to these witnesses, or targeting of them by third parties, should the police reports make their way to the Internet, again, by any means, for any purpose, or by any individual.

                                          Respectfully submitted,

                                          Carmen M. Ortiz
                                          United States Attorney

                                 By:   *Stephen P. Heymann*
                                          STEPHEN P. HEYMANN
Date: October 24, 2011                      SCOTT L. GARLAND
                                          Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                          *Stephen P. Heymann*
                                          Stephen P. Heymann
                                          Assistant United States Attorney

Date: October 24, 2011