# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10260-NMG |
| | ) | |
| AARON SWARTZ, | ) | |
| Defendant | ) | |

## PROTECTIVE ORDER

Whereas the Indictment in this case alleges that JSTOR and the Massachusetts Institute of Technology ("MIT") are victims of conduct committed by Defendant Aaron Swartz, and the materials discoverable in this case under Fed. R. Crim. P. 16 and L. R. 116.1-116.2 contain potentially sensitive, confidential and proprietary communications, documents, and records obtained from JSTOR and MIT, including discussion of the victims' computer systems and security measures,

The Court finds, without objection, good cause for entry of this Protective Order pursuant to Fed. R. Crim. P. 16(d):

1.     The Government and the defense - that is, Defendant Swartz, his defense counsel and their staff, and any experts or investigators with whom defense counsel elects to consult-shall produce all documents, files and records discoverable under Fed. R. Crim. P. 16 and L.R. 116.1-116.2 ("discovery materials") for review in accordance with the conditions set by this Order.

2.     With the exceptions listed below, the defense may obtain, make, and exchange amongst themselves copies of any discovery materials they deem necessary to prepare the defense of this case.  All discovery materials and copies of discovery materials made by them or

1

provided to them by the Government shall be kept securely at their offices, residences, or while it
is being reviewed in any other location

      a.      Per the parties' agreement, and without prejudice to a future application based on
good cause by the defendant as set forth below, the Government will not, at this point, provide
the defense complete imaged copies of all the files contained on four Samsung hard drives
delivered to the Government by Defendant Aaron Swartz on June 17, 2011, and journal articles
and other materials contained on a Maxtor hard drive seized by the Government at MIT on
January 6, 2011.  In lieu of the defense receiving complete copies of these hard drives:

      i.      The Government shall provide the defense electronic copies of those hard drives
from which will be redacted all articles downloaded from JSTOR with the exception of
approximately 350,000 separate articles that JSTOR released for free, public access on
September 7, 2011, with those files' metadata intact in a form that will permit adequate forensic
examination of the files.  If this is not practicable, the parties shall work to agree on procedures
to implement paragraph 2 (a) (v) (C) of this Order.  The parties shall return to this Court with a
proposed supplemental order and, if necessary, any disagreements they may have concerning
sufficient security limitations carefully narrowed.  All other aspects are severable and shall
remain in full force and effect.

      ii.      The Government shall provide the defense a report listing all the files on the hard
drives, along with the files' metadata.

      iii.      The Government shall provide the defense a bibliographic-type listing of the
JSTOR articles found on the hard drives in sufficient detail to enable the defense to identify each
such article.

     iv.    The Government shall make forensic copies of the complete unredacted hard drives available for review by the defense at the Boston Office of the Secret Service at reasonable times upon 7 day notice that any member of the defense wants to inspect or conduct forensic tests upon the hard drives.  During any review conducted by the defense, the Secret Service shall make an agent otherwise unaffiliated with the investigation and prosecution of this case available to provide assistance.  This agent shall not communicate with the prosecution team about what items the defense reviews and shall not be present during the viewing and/or testing, except at the defense's request or with prior approval of the Court.  The parties will agree upon additional procedures necessary to ensure the security of the records and files stored on these hard drives in the event that the defense elects to do further inspection or conduct forensic examinations upon the hard drives at the Secret Service.

     v.    The defense shall not move for and the Court will not grant, an order requiring the Government to provide the defense copies of all the files on these hard drives, unless the defense demonstrates to the Court by a preponderance of the evidence that (A) defense counsel after inspection and forensic examination  of the discovery materials provided pursuant to this agreement has a well founded basis, which will be particularized for the Court, that additional forensic testing on files other than those produced under subparagraph i, above, will lead to evidence material to the defense that cannot be adequately developed from the discovery materials provided pursuant to paragraphs 2 (a) (i-iii); or (B) the requested additional production is otherwise necessary to protect Defendant's constitutional rights; and (C) the defense's storage of and Defendant's access to all of these files will be under sufficiently secure restrictions to prevent the files' theft or public distribution (including restrictions on the location of the files'

3

storage, restrictions on who may have physical or electronic access to the files, the conditions under which Defendant can access the files, and the posting of substantial, third party financial security).

      b.      Defendant may inspect, but may not be given or allowed to reproduce, copies of:

      (1)      Two e-mail chains identified by the Government containing discussions of security weaknesses in MIT's computer network;

      (2)      Seven e-mail chains (or portions of chains) identified by the Government containing discussions of security methods of and weaknesses in JSTOR's network; and

      (3)      Police reports containing the name of one student who identified the defendant from a photo spread, and one non-law enforcement witness, who has been charged but not convicted in state court in a matter arising out of a personal relationship.

Defense counsel will, however, receive unredacted email chains and police reports of the identification which the defendant may fully inspect without copying at counsel's office.

      3.      The Government and the defense shall use the opposing party's discovery materials solely and exclusively to litigate this case (including investigation, pre-trial motions, trial preparation, trial, and appeal), and not for any other purpose.   In the event either party believes it necessary to use any such materials for any other purpose, they may seek leave of Court, in which instance opposing counsel and victims shall have an opportunity to be heard.

      4.      Except when preparing a potential witness, the defense shall not show or make the discovery materials available by any means (electronic, physical or otherwise) to any person who is not a member of the defense, absent further order of this Court.  Once a potential witness has also signed and agreed to be bound by the terms of this Protective Order, the defense may show

the potential witness discovery materials necessary to prepare them, but may not give or allow the potential witness to retain the discovery materials or copies of them.

5. Each person receiving access to an opposing party's discovery materials other than counsel for the government, law enforcement officers, and counsel for the Defendant, shall first sign and date a copy of this Order to indicate their understanding of, acknowledgment of, and agreement to abide by its terms. Both the Government attorney and Defense counsel shall keep the signed copies in the event of a disclosure or use of discovery materials prohibited by this Order. Neither party shall be required to disclose to the other party who has been given access to what discovery materials, absent further order of this Court following an opportunity to be heard.

6. Defense counsel shall promptly notify the Government and this Court, and Government counsel shall promptly notify Defense counsel and this Court, if any discovery materials are (a) used in a manner inconsistent with this Order or (b) disclosed either intentionally or unintentionally to anyone not designated by this Order or further order of the Court. Each member of the defense and potential witness provided access to discovery materials shall promptly notify defense counsel of any such disclosures.

7. At the end of these proceedings, including any potential appeals, the defense shall destroy all copies of discovery materials received and made by it. Defense counsel may keep one copy of all discovery materials for such additional time as they deem necessary to ensure their ability to satisfy all professional obligations to Defendant in this matter. The Government may keep one copy of all defense discovery materials for such additional time as it deems necessary to satisfy its professional obligations and any relevant statutes, regulations, or policies.

8.   Nothing in this protective order is intended to otherwise restrict the proper use by the parties of any discovery materials during the investigation, pre-trial litigation, trial preparation, trial or appeal of this matter.

SO STIPULATED.


_____
Aaron Swartz
Defendant


_____
Stephen P. Heymann
Scott L. Garland
Assistant U.S. Attorneys


_____
Martin G. Weinberg
Defense Counsel


SO ORDERED.


_____
JUDITH G. DEIN
United States Chief Magistrate Judge

Date: 11\30\11


6