UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 11-10260-NMG |
| ) | |
| AARON SWARTZ, ) | |
| ) | |
| Defendant ) | |

## JOINT MEMORANDUM IN ANTICIPATION OF INTERIM STATUS CONFERENCE

The Court has scheduled the next Interim Status Conference in this case for March 15, 2012.  Pursuant to Local Rule 116.5(b), the parties jointly request that the Court waive this status conference and schedule one in 60 days, during the week of May 14, 2012.  This period is necessary for the defense to review discovery materials it has received to date, to determine whether requests for additional discovery materials are necessary, and to consider alternatives of how best to proceed in this matter in light of its evaluation of the discovery materials.

The parties further request that the Court enter an order of excludable delay under the Speedy Trial Act from March 15, 2012 to the date set by the Court for the next Interim Status Conference on the grounds that the defendant requires additional time for the preparation of an effective defense, including time for review of the evidence, and consideration of alternatives concerning how best to proceed with this matter, and that the interests of justice outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

(1) The government has produced automatic discovery.  In addition, the government has just provided early discovery of many but not all of the materials set forth in Local Rule 116.2(B)(2) and the Jencks Act in the form of a searchable electronic Concordance database.

(2) Additional discovery will be produced in accordance with the schedule established by the Local Rules of this Court, the Federal Rules of Criminal Procedure and by statute.

(3) The parties believe that early discovery provided by the government will enable the defense to better assess the case and any potential dispositive motions to be filed in it and will enable the parties to brief any contested matters for the Court with greater clarity.  However, the defense reserves the right to make any additional discovery requests that are appropriate after review of the materials it has received from the government prior to the next scheduled Interim Status Conference.

(4) A protective order has been entered by the Court in this case.

(5) There are no pending pretrial motions under Fed. R. Crim. P. 12(b).  The parties request that the Court defer setting a schedule for the filing of dispositive motions in this case until the next Interim Status Conference in order to give the defense a sufficient opportunity to review the substantial discovery it has received.

(6) The parties propose that expert witness disclosure in this case take place in three phases.  The government will make its initial expert witness disclosure 11 weeks before trial.  The defense will make theirs 8 weeks before trial.  The government may then make an additional expert disclosure 5 weeks before trial, if an additional expert or experts are necessary to address matters raised in the defense disclosure.

(7) The defenses of insanity, public authority and alibi have not been raised in this case.

(8) The Court should exclude the period from March 15, 2012 through the date of the next Interim Status Conference under the Speedy Trial Act.

(9) The parties believe that trial is likely and that the trial will last around 3 weeks.

(10) The parties request that the next Interim Status Conference be set for the week of May 14, 2012, in approximately 60 days.

                                      Respectfully submitted,

                                      Carmen M. Ortiz
                                      United States Attorney

*Martin G. Weinberg*          By:    *Stephen P. Heymann*
MARTIN G. WEINBERG, Esq.        STEPHEN P. HEYMANN
Counsel for Defendant Aaron Swartz   SCOTT L. GARLAND
                                                Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                      *Stephen P. Heymann*
                                      STEPHEN P. HEYMANN
                                      Assistant United States Attorney

Date: March 8, 2012