UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No.
11-10260-NMG

UNITED STATES OF AMERICA
v.

AARON SWARTZ

**INTERIM STATUS REPORT**

March 16, 2012

DEIN, M.J.

An Interim Status Conference was scheduled to be held before this court on March 15, 2012 pursuant to the provisions of Local Rule 116.5(b), but the parties submitted a Joint Memorandum and the court waived the conference. Based on that Joint Memorandum, this court enters the following report and orders, to wit:

1. The government has produced its automatic discovery as well as additional materials, and defendant is in the process of reviewing the materials produced by the government to date.

2. Any additional discovery will be produced in accordance with the applicable rules of procedure.

3. The date by which the defendant may request additional discovery is extended pending review of the voluminous materials produced by the government to date.

4. A protective order has been entered by the Court in this case.

5. The date for filing discovery and/or dispositive motions shall be set at the next status conference.

6. By agreement of the parties, the government will make its initial expert disclosures 11 weeks before trial. The defense will make its expert disclosures 8 weeks before trial. The government may then make an additional expert disclosure 5 weeks before trial if additional expert(s) are needed to address matters raised in the defense disclosures.

7. The defenses of insanity, public authority and alibi have not been raised in this case.

8. This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) and Section 5(b)(7)(B) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008) that the defendant requires additional time for the preparation of an effective defense, including time for review of the evidence, preparation of motions, and consideration of alternatives concerning how best to proceed with this matter, and that the interests of justice outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

    Accordingly, it is hereby ordered that the Clerk of this Court enter excludable time for the period of March 1, 2012 through May 17, 2012, that being the period between the expiration of the last order on excludable time and the next status conference.

    Based upon the prior orders of the court dated July 19, 2011, September 9, 2011, November 8, 2011, December 14, 2011, January 18, 2012, and the order entered contemporaneously herewith, at the time of the Interim Status Conference on May 17, 2012 there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy (70) days will remain under the Speedy Trial Act in which this case must be tried.

9. The parties believe that a trial is likely and that the trial will last approximately 3 weeks.

10. **An Interim Status Conference has been scheduled for May 17, 2012 at 2:30 p.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(b) before the close of business no less than THREE business days prior to that Status Conference**.

          / s / Judith Gail Dein
          JUDITH GAIL DEIN
          UNITED STATES MAGISTRATE JUDGE