UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 11-10260-NMG |
| ) | |
| AARON SWARTZ, ) | |
| ) | |
| Defendant ) | |

**JOINT MEMORANDUM IN ANTICIPATION OF INTERIM STATUS CONFERENCE**

The Court has scheduled the next Status Conference in this case for May 22, 2012.  The parties will jointly request that the Court schedule a final status conference in 60 days i.e., during the week of July 23, 2012.  This period is necessary for the defense to file discovery motions and the government to respond to such motions given that voluntary discovery is complete and the parties have substantially narrowed their disagreements regarding the proper scope of discovery such that judicial decision-making will be requested and required.

The parties request that the Court enter an amended order of excludable delay, correcting the Order dated March 19, 2012, Docket # 36.  As reflected in paragraph 8 of the Court's March 16, 2012 Interim Status Report (Docket #35), the order of excludable delay was intended to cover the period through May 17, 2012 (when the next status conference was scheduled), rather than through April 2.

The parties further request that the Court enter an order of excludable delay under the Speedy Trial Act from May 17, 2012 to the date set by the Court for the Final Status Conference, on the grounds that the defendant intends to file timely motions, the Government requires additional time to respond, the parties have narrowed but not extinguished their differences

regarding the scope of discovery, and that the interests of justice outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

(1) The government has produced automatic discovery. In addition, the government has provided additional early discovery of many of the materials set forth in Local Rule 116.2(B)(2) and the Jencks Act in the form of a searchable electronic Concordance database.

(2) Additional discovery will be produced in accordance with the schedule established by the Local Rules of this Court, the Federal Rules of Criminal Procedure and by statute.

(3) The parties believe that early discovery provided by the government will enable the defense to better assess the case and any potential dispositive motions to be filed in it and will enable the parties to brief any contested matters for the Court with greater clarity. However, the defense reserved the right to make any additional discovery requests that are appropriate after review of the materials it has received from the government. The defense and government have narrowed the issues but not eliminated their differences on the proper scope of discovery. Discovery motions filed pursuant to the Local Rule protocol will be prepared and filed pursuant to a schedule set by the Court during the scheduled Interim Status Conference.

(4) A protective order has been entered by the Court in this case.

(5) There are no pending pretrial motions under Fed. R. Crim. P. 12(b). The parties request that the Court defer setting a schedule for the filing of dispositive motions in this case until the Final Status Conference in order to give the defense a sufficient opportunity to review any additional discovery it receives as a result of the discovery motions.

(6) The parties propose that expert witness disclosure in this case take place in three phases. The government will make its initial expert witness disclosure 11 weeks before trial.

The defense will make theirs 8 weeks before trial. The government may then make an additional expert disclosure 5 weeks before trial, if an additional expert or experts are necessary to address matters raised in the defense disclosure.

(7) The defenses of insanity, public authority and alibi have not been raised in this case.

(8) The Court should exclude the period from May 17, 2012 through the date of the next Interim Status Conference under the Speedy Trial Act.

(9) The parties believe that trial is likely and that the trial will last around 3 weeks.

(10) The parties request that the Final Status Conference be set for the week of July 23, 2012, in approximately 60 days.

                                             Respectfully submitted,

                                             Carmen M. Ortiz
                                             United States Attorney

Martin G. Weinberg                 By:   Stephen P. Heymann
MARTIN G. WEINBERG, Esq.         STEPHEN P. HEYMANN
Counsel for Defendant Aaron Swartz   SCOTT L. GARLAND
                                           Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                             Stephen P. Heymann
                                             STEPHEN P. HEYMANN
                                             Assistant United States Attorney

Date: May 16, 2012