# MARTIN G. WEINBERG, P.C.
## ATTORNEY AT LAW

*20 PARK PLAZA, SUITE 1000*
*BOSTON, MASSACHUSETTS 02116*

*(617) 227-3700*

*FAX (617) 338-9538*

*NIGHT EMERGENCY:*
*(617) 901-3472*

*EMAIL ADDRESSES:*

*owlmcb@att.net*
*owlmgw@att.net*

May 8, 2012

Stephen Heymann
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way
Boston, MA

RE:  <u>United States v. Aaron Swartz</u>

Dear Mr. Heymann:

This letter is authored to request that you provide me with the following discovery that is material to the preparation of the above-captioned matter:

1.  Any and all grand jury subpoenas – and any and all information resulting from their service - seeking information from third parties including but not limited to Twitter, MIT, JSTOR, Internet Archive that would constitute a communication from or to Aaron Swartz or any computer associated with him;

2.  Any and all grand jury subpoenas – and any and all information resulting from their service - seeking information regarding the defendant wherein the receiver of the subpoena is warned that disclosure to third parties would or could or might impede the investigation or containing any indirect or direct references that disclosure might impede or obstruct a criminal investigation;

3.  Any and all grand jury subpoenas – and any and all information resulting from their services – which contain a request for a certificate of authenticity and/or a certificate wherein a record keeper or representative of the entity receiving the subpoena affirms information about the produced records that would meet either hearsay or authenticity evidentiary challenges;

4.  Any and all SCA applications, orders, or subpoenas to MIT, JSTOR, Twitter, Google, Amazon, Internet Archive, or any other entity seeking information regarding

Aaron Swartz, any account associated with Swartz, or any information regarding communications to and from Swartz and any and all information resulting from their service;

5. Any and all preservation letters sent to MIT in relation to this investigation that require that MIT preserve the results of all recorded or captured router data resulting from MITs utilization of programs or hardware to create tcpdump formatted files beginning no later than 11-7-2010;

6. Any and all notes and reports provided to USSS or USAO by CERT in relation to their forensic analysis of the ACER laptop, or of any analysis of any other evidence including but not limited to the PCAP log information sent to CERT by the USSS for analysis;

7. Any and all fingerprint reports comparing the known prints of Aaron Swartz or any other person with any latent or unknown prints lifted from any evidence in relation to this case (other than such reports that were already disclosed);

8. Any and all telephone toll records subpoenaed or otherwise obtained in relation to this case;

9. Any and all credit card statements or account information subpoenaed or otherwise obtained in relation to this case;

10. Any and all documents reflecting the purchase of computers or computer software or external hard-drives that are material to this case;

11. Any and all Grand Jury testimony provided on or about 6-16-11 and any memoranda of interview of Quinn Norton;

12. As to the ACER laptop: the dates of any searches (defined as any attempt to see any information contained on the computer that would not be visible without touching the computer in anyway including but not limited to any port scan of the computer, any imaging of the laptop or any portion of its contents, any powering or opening of any file or folder or data contained in the laptop, any touching of a key or moving of a mouse so as to put into view new information, and any analysis of review by CERT or USSS of any of the contents of the laptop whether obtained remotely, by a physical search, or by a search of an image of the laptop), the identity of each individual who conducted any search of the laptop computer, the date of such search and the legal basis for each such search;

13. As to any evidence seized from the backpack of the defendant on January 6, 2011, the same requests as in paragraph 12, supra;

14. Any and all chain of custody reports from USSS and other federal entities regarding any intended government exhibit;

15. To identify the origin of any and all statements of Aaron Swartz including but not limited to emails, text messages, chats, documents, memoranda or letters ie. to identify

the source from which each such statement was received and the legal procedure used to obtain each such statement of the defendant as required by FRCrimP 12(d)(1);

16. Any and all information including but not limited to 70 gigabytes or more of historical network flow data dating from 12-14-10 through 1-6-11 and all DHCP log information provided to S/A Pickett by MIT employees including but not limited to Michael Halsall (see log pg 7) to the extent that such flow data, radius logs, network capture data and DHCP log information was not provided to the defendant on or about November 18, 2011;

17. Any and all additional (a) IP connection logs and/or DHCP logs, (b) radius logs, (c) flow data files, and (d) network capture files that the USSS or any other federal entity received from MIT or JSTOR (some but not all of such logs were provided to the defense and this request is for any other such logs, network capture files, or flow data that was received from MIT or JSTOR in connection to this investigation regardless of whether it was associated with IP addresses alleged to have been used by the defendant);

18. Any and all additional documents, reports, data, or other information received from MIT or JSTOR that is outside paragraphs 16 and 17 and not previously provided to the defendant in discovery and the legal vehicle if any which resulted in the transmission of such information to the Government;

19. As to any MAC addresses that the Government associates with the defendant, when was information about each received, from who, pursuant to what process;

20. Any and all paper, documents, materials, information, and data of any kind received by the Government as a result of the service of any grand jury subpoena on any person or entity relating to this investigation; and

21. Any and all paper, documents, materials, information and data of any kind received by the Government from the Middlesex District Attorney or any state or city law enforcement authority that resulted from the service of any state grand jury subpoena on any person or entity relating to this investigation

If you believe that you have already provided me with the entirety of the materials requested in any paragraph, please so inform me. If you believe that you have provided me with some but not all of the requested information, please provide the remainder. If you want to discuss the basis for these requests, beyond the requirements of Rule 16 and corresponding Local Rules, please advise as to which paragraphs.

Yours Truly,

Martin G. Weinberg, Esq.