## MARTIN G. WEINBERG, P.C.
### ATTORNEY AT LAW

20 PARK PLAZA, SUITE 1000
BOSTON, MASSACHUSETTS 02116

(617) 227-3700

FAX (617) 338-9538

NIGHT EMERGENCY:
(617) 901-3472

EMAIL ADDRESSES:

owlmcb@att.net
owlmgw@att.net

May 10, 2012

Stephen Heymann
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way
Boston, MA

RE:   *United States v. Aaron Swartz*

Dear Mr. Heymann:

You have requested that I supplement my letter to you dated May 8, 2012, by disclosing the legal basis for my requests contained therein.

1.   As to paragraphs 1, 2, 3, 8, 9, 10, 18, 20, and 21, the objective is to discover information and inspect papers and documents within the Government's possession that are material to preparing the defense in this case, see Fed. R. Crim. P. 16(a)(1)(E)(i). The presupposition for each paragraph is that I am seeking documentary evidence that you subpoenaed or otherwise acquired from third parties in relation to this investigation. Given that you would not issue overbroad subpoenas, I would assume that what you were provided was material to the investigation and hence to the defense for this matter. As to paragraph 1, I am also seeking information pursuant to Rule 16(a)(1)(A) and, to the extent you received emails or other communications of the defendant that were stored for him by a third party, I rely on Rule 16(a)(1)(E)(iii). As to paragraph 2, I believe full discovery is the minimal response to the inappropriate threat that is on the face of at least one of your grand jury subpoenas. *See, e.g. United States v. Kramer* 864 F.2d 99, (11th cir. 1988). As to paragraph 3, I rely upon Rule 16(a)(1)(E)(i),(ii).

2.   As to paragraphs 4, 5, 12, 13, 14, 16, 17, and 19, I rely on Rule 16(a)(1)(E)(i),(iii) and in particular on the relationship between such requested discovery and Mr. Swartz' rights to protect his Fourth Amendment and Title III rights in this case. I also invoke Fed. R. Crim. P. 12(b)(4): although the rule is literally confined to evidence you intend to

use (I would request that you make this disclosure), I would need as well to determine if the February, 2011, court authorized searches were tainted by the January, 2011, warrantless searches.

3. As to paragraph 11, *Brady v. Maryland,* 373 U.S. 83 (1963).

4. As to paragraph 15, Rule 16(a)(1)(B).

5. As to paragraphs 6 and 7, Rule 16(a)(1)(F).

I think a paragraph by paragraph review of the requests and your proposed responses prior to our need to draft a status conference report for May 22, 2012, makes sense.

Thanks,

Martin G Weinberg, Esq.