

U.S. Department of Justice

*Carmen M. Ortiz*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

May 18, 2012

Martin G. Weinberg
20 Park Plaza
Suite 1000
Boston, MA 02116

       Re: U.S. v. Aaron Swartz

Dear Mr. Weinberg:

       This letter formalizes in accordance with Local Rule 116.3(a) my response to your letter request for additional discovery dated May 8, 2012. I found our lengthy discussions on Tuesday concerning your various requests very helpful in identifying and narrowing those areas in which we have meaningful disagreements that will need to be considered and resolved by the court.

       We have previously provided to you and your predecessor counsel not only all material described in Federal Rule of Criminal Procedure 16 and Local Rules 116.1 and 116.2 as being appropriate at this stage of the criminal case, but also an extensive body of email, computer logs, law enforcement reports, photographs and video recordings created and concerning the events and investigation leading to your client's arrest in the organized form of a Concordance database. Except as set forth below, we cannot agree to furnish the materials which you have requested to the extent that they go beyond the very large body of materials which we have already produced which already far exceed those required by the local and federal rules, and the statutes and constitutional provisions they embody. We cannot see how many of the materials you have requested are material to the defense and many others, as we discussed, are either privileged or will be furnished at later times as specified by the Court, rules and governing statutes.

       In light of our useful discussions, and again in the hope of narrowing those potential discovery disputes which the court will need to resolve, this letter will also serve to confirm the following aspects of our discussions:

       1.     A central focus of our discussions were suppression remedies you potentially thought you might pursue. As you are aware, there is no suppression remedy under the Stored Communications Act. *See* 18 U.S.C. § 2708. To the extent that you believe it was necessary to

Martin G. Weinberg
May 18, 2012
Page 2

obtain a warrant under Rule 41 of the Federal Rules of Criminal Procedure or 18 U.S.C. §2703 before conducting a particular search, copies of all warrants obtained during the investigation of this case were provided to your predecessor counsel on August 12, 2011. I understand that all of these were transferred to you when you took over the case, but, if not, please do not hesitate to let me know and I will forward a second set to you.

       2.      You previously have been provided with all MIT logging data in the government's possession pertaining to your client relevant to this case. The government received from MIT additional RADIUS logs which the government has been informed pertain only to third parties who happened to have plugged into MIT's computer network on January 6, 2011 as well. Based on your representation that the third-party logging information is material to the defense of this case, the government has no objection to providing to you the additional logs, subject to paragraph 2(a)(v)(b) of the Protective Order entered in this case.

       3.      You have previously been provided all reports of fingerprint examinations conducted during the federal investigation of this case.

       4.      In keeping with Local Rule 116.8, we have sought to obtain any information subject to disclosure from all federal, state and local law enforcement agencies formally participating in the criminal investigation that resulted in this case.

                         Yours very truly,

                           CARMEN M. ORTIZ
                           United States Attorney

By: _____
       STEPHEN P. HEYMANN
       Assistant U.S. Attorney