UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 11-10260-NMG |
| | ) |
| AARON SWARTZ, | ) |
| | ) |
| Defendant | ) |

## JOINT MEMORANDUM AS TO FINAL STATUS CONFERENCE PURSUANT TO LOCAL RULE 116.5

The Court has scheduled the final Status Conference in this case for July 26, 2012. The parties file this joint status report:

(1) The government has produced automatic discovery. In addition, the government has provided additional early discovery of many of the materials set forth in Local Rule 116.2(B)(2) and the Jencks Act in the form of a searchable electronic Concordance database.

(2) Additional discovery will be produced in accordance with the schedule established by the Local Rules of this Court, the Federal Rules of Criminal Procedure and by statute.

(3) A multi-request discovery motion filed pursuant to the Local Rule protocol was filed pursuant to a schedule set by the Court during the scheduled Interim Status Conference with decisions on contested matters pending with this Court.

(4) A protective order has been entered by the Court in this case.

(5) There are no pending pretrial motions under Fed. R. Crim. P. 12(b). The parties have requested that the Court defer setting a schedule for the filing of dispositive motions in this case until the Final Status Conference in order to give the defense a sufficient opportunity to review any

additional discovery it receives as a result of the discovery motions.  The defense intends to file Motions to Suppress and Dismiss.  The parties agree that such motions will be filed raise complex matters and that the Court should set a filing date for such matters 60 days from the date of the status conference;

(6) The parties propose that expert witness disclosure in this case take place in three phases.  The government will make its initial expert witness disclosure 11 weeks before trial.  The defense will make theirs 8 weeks before trial.  The government may then make an additional expert disclosure 5 weeks before trial, if an additional expert or experts are necessary to address matters raised in the defense disclosure.

(7) The defenses of insanity, public authority and alibi have not been raised in this case.

(8) The Court should exclude the period from July 26, 2012 through the date of the next First Status Conference with the District Court under the Speedy Trial Act.

(9) The parties believe that trial is likely and that the trial will last around 3 weeks.

                                              Respectfully submitted,

                                              Carmen M. Ortiz
                                              United States Attorney

/s/ Martin G. Weinberg           By:/s/Stephen P. Heymann
MARTIN G. WEINBERG, Esq.      STEPHEN P. HEYMANN
Counsel for Defendant Aaron Swartz  SCOTT L. GARLAND
                                          Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF).

                                              /s/ Martin G. Weinberg  
                                              Martin G. Weinberg  
                                              Counsel for Defendant Aaron Swartz

Date: July 25, 2012