UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
11-10260-NMG

UNITED STATES OF AMERICA

v.

AARON SWARTZ

**ORDER ON MOTION FOR DISCOVERY**

August 1, 2011

DEIN, M.J.

This matter is before the court on "Defendant Aaron Swartz's Motion for Discovery" (Docket No. 40).  After consideration of the pleadings and argument of counsel, the motion is ALLOWED IN PART and DENIED IN PART as follows:

**1.     Paragraph 6:**  By this request, the defendant is seeking notes and reports provided by CERT in connection with its forensic analysis of Swartz's ACER laptop. The defendant relies on Fed. R. Crim. Pro. 16(a)(1)(F), which provides in relevant part that, upon request, "the government must permit a defendant to inspect and to copy or photograph the results or reports of any . . . scientific test or experiment if . . . (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial."  Swartz argues, without any details, that "the requested information is material to the preparation of Swartz's defense and to Swartz's potential ability to file a particularized motion to suppress asserting violations of 18 U.S.C. §

2510 *et seq.* and/or the Fourth Amendment." (Mot. at 2). The government contends that the requested information is expert discovery, and that its disclosure is premature at this time.

This court agrees with the government that the reference in Rule 16(a)(1)(F) to "results or reports" does not include "CERT's margin descriptions and other preliminary interpretations of software and files on the seized laptop" (Resp. at 4) that "do not have the requisite formality or finality to be considered as either a 'report' or a 'result.'" United States v. Iglesias, 881 F.2d 1519, 1523 (9th Cir. 1989). This court also agrees that the disclosure of expert "interpretations and inferences from the evidence" is premature given the agreed-upon expert disclosure schedule. (See Resp. at 4). Nevertheless, the Rule is clear that the government is to produce the factual reports generated by CERT.[1] The government represents that it has already provided "a complete copy of the ACER laptop's hard drive and a forensic report of its examination." (Resp. at 5). To the extent that there are other factual reports generated by CERT as part of its forensic analysis, these reports must be produced as well. Moreover, as the government has agreed, the government shall make an "early identification of files, records and software code which it has determined to date may be material and offered as evidence at trial." (Resp. at 5).

**2.  Paragraph 12:** By this request, the defendant is seeking information concerning any attempt to see any information contained on the computer prior to the

---

[1] The government has not challenged the defendant's assertion that the CERT computer analysis is material to the preparation of Swartz's defense.

issuance of the search warrant in February 2011, on the grounds that "[m]oving a mouse or touching a key on a computer which reveals information that was not in plain view constitutes a search which may not be lawfully conducted under the Fourth Amendment in the absence of a valid warrant." (Mot. at 3 (citing, inter alia, United States v. Musgrove, No. 11-CR-24, 2011 WL 4356515, at *15 (E.D. Wis. Sept. 16, 2011))). However, as the government argues, the defendant "lost all reasonable expectation of privacy in the computer," which was first located in a wiring closet in the basement of an MIT building hidden under a box and hard-wired into a computer switch, and later recovered at another location at MIT. (Resp. at 6). See United States v. Sanchez, 635 F.2d 47, 64 (2d Cir. 1980) ("a mere trespasser has no Fourth Amendment protection in premises he occupies wrongfully"). The government has apparently complied with its obligation to produce search materials as defined in Local Rule 116.1(C)(1)(b). Therefore, the motion to compel this additional material is denied.

    **3.**    **Paragraph 15:** In this request the defendant is seeking the "origin of any and all statements of Aaron Swartz" and "the legal procedure used to obtain each such statement[.]" (Mot. at 3). The purpose of the request is to enable Swartz "to move to suppress such statements if grounds exist to do so, which he cannot determine without the requested information." (Mot. at 4). The government has confirmed that "[n]o emails, texts messages, chat logs, or documents were obtained from Internet service providers using orders under 18 U.S.C. 2703(d)" and that "there was no court-authorized electronic surveillance in this case." (Resp. at 7). It has also confirmed that "[a]ll of the emails, text messages, chat sessions, and documents containing state-

ments provided by the defendant relevant to this case were obtained either from individuals with whom the defendant communicated or from publicly available websites stored on the Internet." Id.  The defendant does not explain why this information is not sufficient for him to decide if a motion to suppress is a viable alternative.  The motion to compel the additional information is denied.

**4.     Paragraphs 1, 4, 20:**  In these paragraphs, Swartz is seeking all grand jury subpoenas and the documents produced in response to such subpoenas. According to the defendant, he is requesting this information "because some grand jury subpoenas used in this case contained directives to the recipients which Swartz contends were in conflict with Rule 6(e)(2)(A) . . . and others sought certification of the produced documents so that they could be offered into evidence under Fed. R. Evid. 803(6), 901.  (Mot. at 4-5).  Swartz requires the requested material "to determine whether there is a further basis for moving to exclude evidence under the Fourth Amendment (even though the SCA has no independent suppression remedy."  (Mot. at 5).  He contends that the grand jury subpoenas may be "too sweeping" and that since the information was subpoenaed by an "experienced and respected senior prosecutor" the information must be material.  (Id.).  The government opposes these requests on the grounds that the defendant does not have standing to suppress the subpoenas, none of the subpoenas contained a "directive" to recipients of secrecy,[2] a conclusory

---

[2] The government has represented that the language used in letters accompanying some subpoenas was "We request that you not disclose the existence of the subpoena, or the fact of your compliance with it, to anyone.  While you are not required to comply with this request, any such disclosure could impede the investigation and interfere with the enforcement of federal criminal law."  This language is consistent with instructions approved by the First

assertion that some subpoenas are too broad is not sufficient to justify the production of all subpoenas, and there is no support for the production of everything that a grand jury may have seen. (Resp. at 8-10). This court agrees. "A grand jury's investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed. . . ." United States v. Dionisio, 410 U.S. 1, 13, 93 S. Ct. 763, 771 (1973) (quotation omitted). At this juncture, the defendant has not stated a basis for such a sweeping production which exceeds the scope and timing requirements of the applicable rules.

## ORDER

For all the reasons detailed herein, "Defendant Aaron Swartz's Motion for Discovery" (Docket No. 40) is ALLOWED IN PART and DENIED IN PART. The government shall produce the materials required by this Order within 14 days of the date of this Order.

/ s / Judith Gail Dein  
JUDITH GAIL DEIN  
United States Magistrate Judge

---

Circuit. In re Grand Jury Proceedings(Diamonte), 814 F.2d 61,70 (1st Cir. 1987) ("The government is free to express its beliefs about the impact of any disclosure, provided it makes clear that the law does not require nondisclosure.").