UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES                 )
                              )
       v.                     )     No. 11-10260-NMG
                              )
AARON SWARTZ                  )
_____)

**MOTION TO SUPPRESS ALL FRUITS OF SEARCHES OF ACER LAPTOP, HP USB DRIVE, AND WESTERN DIGITAL HARD DRIVE AND INCORPORATED MEMORANDUM OF LAW**
**(MOTION TO SUPPRESS NO. 5)**

Now comes the defendant Aaron Swartz and respectfully moves that this Honorable Court suppress as evidence at the trial of this case all evidence derived from the searches of his ACER laptop, his Western Digital hard drive, and his HP USB drive, as well as all derivative fruits thereof.[1]

As reason therefor, defendant states:

1. He had a reasonable expectation of privacy in his ACER laptop, his Western Digital hard drive, and his HP USB drive.

2. These items were seized without a warrant on January 6, 2011.

3. The Secret Service did not obtain a warrant to search these items until February 9, 2011, Exhibit 38, 34 days after their seizure; that warrant was not executed before its expiration, and another warrant was issued on February 24, 2011, Exhibit 29, 49 days after their seizure.

4. The delay in obtaining search warrants for these items rendered their seizure unreasonable under the Fourth Amendment, requiring that all fruits of the searches of those items be suppressed.

---

[1] All averments herein regarding Swartz's ownership and possession of the ACER laptop, the hard drive, and the USB drive are made pursuant to the protections provided by *Simmons v. United States*, 390 U.S. 377, 392-94 (1968).

**THE DEFENDANT REQUESTS A HEARING ON THE WITHIN MOTION.**

**LOCAL RULE 7.1(A)(2) STATEMENT**

The undersigned counsel has conferred with AUSA Stephen Heymann. The government opposes the suppression remedies sought and will respond to defendant's request for a hearing in its response to the motion.

**MEMORANDUM OF LAW**

**I.       FACTUAL BACKGROUND.**

The ACER laptop and the hard drive were seized without a warrant on January 6, 2011.[2] Shortly thereafter, Swartz was arrested, and the backpack he was carrying was searched and the USB thumb drive seized. S/A Pickett delayed obtaining warrants to search the three items until February 9, 2011, 34 days after their seizure. Even then, he allowed those warrants to expire without executing them. He again applied for warrants to search the three items on February 24, 2011, when warrants authorizing the search of the items were again issued.

**II.      SWARTZ HAD A REASONABLE EXPECTATION OF PRIVACY AND A POSSESSORY INTEREST IN HIS ACER LAPTOP, HIS HARD DRIVE, AND HIS USB DRIVE.**

With respect to Swartz's reasonable expectation of privacy and possessory interest in his ACER laptop and his hard drive, Swartz incorporates by reference herein the discussion in Section II of his Motion to Suppress All Fruits of Warrantless Searches Conducted from January 4, 2011, to January 6, 2011, And Incorporated Memorandum of Law and in Section II of his Motion to

---

[2] For a recitation of the facts leading up to the seizure of the laptop and hard drive, *see* Motion to Suppress All Fruits of Warrantless Searches Conducted from January 4, 2011, to January 6, 2011, and Incorporated Memorandum of Law, Section I.

Suppress All Fruits of Interceptions and Disclosures of Electronic Communications and Other Information by MIT Personnel in Violation of the Fourth Amendment and the Stored Communications Act and Incorporated Memorandum of Law. With respect to the USB drive, it belonged to Swartz and was in his backpack when it was searched incident to his arrest and was seized from him at that time. Accordingly, he plainly had a reasonable expectation of privacy in the drive and its contents and a possessory interest in it which its seizure deprived him of.

### III.     THE DELAY IN OBTAINING A WARRANT RENDERED THE SEIZURE OF THESE ITEMS UNREASONABLE.

"[E]ven a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable searches.'" *United States v. Jacobson*, 466 U.S. 109, 124 (1984). *See, e.g., Segura v. United States,* 468 U.S. 796, 812 (1984) ("[A] seizure reasonable at its inception because based on probable cause may become unreasonable as a result of its duration"); *United States v. Burgard*, 675 F.3d 1029, 1032 (7th Cir. 2012)("When officers fail to seek a search warrant, at some point the delay becomes unreasonable and is actionable under the Fourth Amendment"); *United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009)("even a seizure based on probable cause is unconstitutional if the police act with unreasonable delay in securing a warrant"); *United States v. Riccio*, 2011 WL 4434855 at *1 (S.D.Cal. Sept. 23, 2011)("The finding of probable cause to seize the hard drive did not relieve law enforcement of its obligation to 'diligently' obtain a warrant," *quoting United States v. Dass*, 849 F.3d 414, 415 (9th Cir. 1988)).

> After seizing an item without a warrant, an officer must make it a priority to secure a search warrant that complies with the Fourth Amendment. This will entail diligent work to present a warrant application to the judicial officer at the earliest reasonable time.

3

*Burgard*, 675 F.3d at 1035.

In *Mitchell*, the Eleventh Circuit considered a considerably less extensive delay than that present here in obtaining a warrant for the search of a hard drive – 21 days – and held that, under the circumstances of that case, the delay in obtaining a search warrant was unreasonable, thus violating the Fourth Amendment and requiring the suppression of the fruits of the search of the hard drive. In balancing the defendant's possessory interest against the government's interests, the Court first stressed the very strong possessory interests that individuals have in their computers:

> Computers are relied upon heavily for personal and business use. Individuals may store personal letters, e-mails, financial information, passwords, family photos, and countless other items of a personal nature on their computer hard drives. Thus, the detention of the hard drive for over three weeks before a warrant was sought constitutes a significant interference with Mitchell's possessory interests.

565 F.3d at 1351. Weighed against the defendant's substantial possessory interest, the Court concluded that "there was no compelling justification for the delay." *Id.* Quite the contrary, the Court concluded: law enforcement authorities simply believed that there was "no rush." *Id.* at 1353. The Court made a point of noting that the 23-page affidavit submitted in support of the application for the search warrant was largely boilerplate and contained only three double-spaced pages of original content, *id.* at 1351, *i.e.*, the affidavit would not have taken any substantial amount of time to prepare. Other courts have reached similar conclusions. *See, e.g., United States v. Shaw*, 2012 WL 844075 at *2-*4 (N.D.Ga. Feb. 10, 2012)(concluding that 90-day delay in obtaining warrant to search seized cell phones was unreasonable under the Fourth Amendment and recommending that evidence obtained from search of cell phones be suppressed), *adopted*, 2012 WL 843919 (N.D.Ga. March 12, 2012); *Riccio*, 2011 WL 4434855 at *1 (ordering evidence suppressed where law enforcement delayed 91 days in obtaining a warrant to search defendant's hard drive); *United States*

*v. Rubenstein*, 2010 WL 2723186 at \*13-\*14 (S.D.Fla. June 24, 2010)( recommending suppression of evidence where agents delayed 41 days in obtaining warrant for laptop), *adopted* 2010 WL 2681364 (S.D.Fla. July 7, 2010); *see also United States v. Budd*, 549 F.3d 1140, 1144 (7th Cir. 2008)(assuming without deciding that 48-day delay in obtaining warrant to search computer was unreasonable); *United States v. Kowalczyk*, 2012 WL 3201975 at \*23 (D.Or. Aug. 3, 2012)(terming 7-day delay "unfortunate," but not finding it unreasonable).

Here, there was a 34-day delay in obtaining the February 9, 2011, warrant, which remained unexecuted, and a total of a 49-day delay until the obtaining of the February 24, 2011, warrant pursuant to which the items were ultimately searched. Swartz had a strong possessory interest in all three items. They belonged to him, and he never voluntarily relinquished his dominion and control over them, nor did he ever consent to their seizure. On the other side of the balance, defendant knows of no conceivable reason which could justify a delay of this magnitude. This was a joint investigation involving the Cambridge Police Department, the United States Secret Service and the MIT Police Department, which was being run by S/A Pickett. *See* Motion to Suppress All Fruits of Warrantless Searches Conducted from January 4, 2011, to January 6, 2011, and Incorporated Memorandum of Law, Sections I, IV. The affidavit submitted in support of the February 9, 2011, warrant application would have taken very little time to prepare. It was only 11 pages in length, plus two attachments describing the property to be seized, the items to be seized, and the objects of the search.[3] *See* Exhibit 32. The first two pages are largely boilerplate, as are pages 9 and 10. Of the remaining content, that

---

[3] In addition to the three items which are the subject of this motion, the application also sought authorization to search Swartz's home. That search is the subject of a separate motion to suppress. *See* Motion to Suppress All Fruits of Searches Pursuant to a Warrant of 950 Massachusetts Avenue, Apt. 320, Cambridge, Massachusetts, and 124 Mount Auburn Street, Office 504, Cambridge, Massachusetts and Incorporated Memorandum of Law.

which applies specifically to this case, it is almost entirely a distillation of previously written reports.[4] *See, e.g., Mitchell*, 565 F.3d at 1351 (indicating Court's belief that 23-page affidavit could have been prepared in the two and a half days before the agent left for two-week training program); *see also Burgard*, 675 F.3d at 1034 (finding it "implausible" that two-page affidavit could not have been prepared in less than six days, particularly as its content was largely derived from previously written reports).

The delay in obtaining the warrants to search the ACER, the hard drive, and the USB drive was unreasonable under the Fourth Amendment. All fruits of the searches of those items must, accordingly, be suppressed.

Respectfully submitted,
By his attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700 (tel.)
(617) 338-9538 (fax)
owlmgw@att.net

### CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this 5th day of October, 2012, a copy of the foregoing document has been served via the Court's ECF system on all registered participants, including Stephen P. Heymann, AUSA. One copy of the exhibits to the motion has been served on the government by hand this same date.

**/s/ Martin G. Weinberg**

Martin G. Weinberg

---

[4] *See, e.g.,* Exhibit 15.