UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>AARON SWARTZ,<br><br>     Defendant. | Crim. No. 11-CR-10260-NMG |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR CONTINUANCE
OF TRIAL DATE AND EXPERT DISCLOSURE DEADLINE**

  Defendant Aaron Swartz hereby respectfully moves for a 120 day continuance of the trial date of this matter from February 4, 2013 to June 10, 2013, or the next available date on the Court's calendar after that date and for a continuance of his deadline for expert disclosure from December 11, 2012 to February 25, 2013.

  Trial of this matter is presently set for February 4, 2013. Substantial work still needs to be done, both by the parties and by the Court, before the case can be tried. The requested continuance, the first such request by Swartz, would facilitate the orderly administration of justice and permit counsel for Swartz to complete the work necessary to prepare efficiently to present this case to the jury during trial. There are several separate reasons why this request is meritorious and in the interests of justice.

  *First,* Swartz has filed motions to suppress, with his Reply filed on the same date as this motion. These motions require a hearing to evaluate the evidence presented by the government. As set forth in the Reply, the issues raised by the Government in opposition to the motions require the testimony of witnesses from MIT, JSTOR and likely several law enforcement agencies. Both sides in this case, and the Court, need to know the outcomes of those motions in order sensibly to prepare for trial. Counsel for Swartz has several hearings set, and a weeklong arbitration in another matter, during December 2012, so it is unlikely—even without considering

1

this Court's extremely busy schedule—that a hearing could be calendared before January 2013, at the earliest. Instead, Swartz respectfully suggests that the current February 4, 2013 trial date, on which all parties are obviously available, be used to conduct the suppression hearing, followed by a June trial.

*Second,* this is not a garden-variety criminal case involving factual issues that are readily intelligible to any layperson. Instead, this is a highly technical computer-fraud case that will require the parties to present, and the Court and the jury to understand and evaluate, complex issues regarding the operation of computer networks, how those networks are accessed, the operation and identification of individual computers (including their MAC addresses, IP addresses, and "BASH" histories), and the operation of computer programs which cause the downloading of content from network servers. On November 18, 2012 the government disclosed a 44-page report summarizing the expected testimony of its expert witness on some of these topics. Swartz's expert disclosure is presently due December 11, 2012. Due to the complexity of the issues, not to mention the due diligence and expense associated with hiring an expert competent to opine on the issues addressed by the government's expert, Swartz has concerns about his ability to meet the December 11, 2012 deadline, and would be severely prejudiced if he were unable to do so. It is apparent that the government has been working extensively with its expert for many months in the preparation of his report. Swarz does not desire to produce an incomplete expert disclosure on December 11, then seek to amend it. He would rather have adequate time before trial to fully vet the technical issues with a qualified expert and then move forward. Swartz's ability to prepare an expert is further complicated by the issues identified in the following paragraph.

*Third,* the material necessary for the preparation of a complete expert disclosure and to adequately prepare for trial is not presently in the hands of the defense. While Swartz does not know what evidence the grand jury subpoenaed or what evidence the investigators obtained voluntarily from MIT and JSTOR, it is apparent that the materials the government obtained and produced in discovery are not nearly adequate to rebut the factual claims presented in the

712955.01

government's oppositions to Swartz's suppression motions and to defend the case at trial. While the government has sought and obtained evidence from third parties to assist it in presenting its version of the truth, substantial additional relevant and evidentiary materials remain to be obtained by Swartz. Swartz is and has acted diligently in this regard, and the Court is aware of his efforts. But it is by no means certain that all the additional materials Swartz needs and is seeking to obtain will be in his hands within thirty days, much less by the expert disclosure deadline of December 11, 2012. Further, once any materials are received, Swartz needs to review them, produce those which are properly discoverable under Fed. R. Crim. P. 16, and then incorporate those documents into his expert's analysis and opinions. It is certain that this task cannot be completed by December 11, 2012, and Swartz has considerable doubts that it could be completed before the existing February 4, 2012 trial date.

      For the foregoing reasons, and to assist the Court and the jury of making a fully informed and fair resolution of all issues in dispute, Swartz respectfully requests that trial of this case be continued from February 4, 2013 to June 10, 2013, that the date for Swartz's expert disclosure be continued from December 11, 2012 to February 25, 2013, and that the Court consider utilizing the current February 4, 2013 trial date for an evidentiary hearing on the Motions to Suppress.

Dated: December 3, 2012                                  Respectfully submitted,

                                                              */s/ Elliot R. Peters*
                                                              Elliot R. Peters (admitted *pro hac vice*)
                                                             Daniel Purcell (admitted *pro hac vice*)
                                                             Keker & Van Nest LLP
                                                             633 Battery Street
                                                             San Francisco, CA  94111
                                                             Tel.: (415) 391-5400
                                                             Fax: (415) 397-7188
                                                             Email: epeters@kvn.com
                                                                         dpurcell@kvn.com

712955.01

        Michael J. Pineault
        Clements & Pineault, LLP
        24 Federal Street
        Boston, MA  02110
        Tel.: (857) 445-0135
        Fax: (857) 366-5404
        Email: mpineault@clementspineault.com

        Attorneys for Defendant AARON SWARTZ

712955.01

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 3, 2012.

/s/ Elliot R. Peters
ELLIOT R. PETERS

712955.01