## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-CR-10260-NMG |
| v. | **Leave to File Granted by Electronic Order Dated January 11, 2013** |
| AARON SWARTZ, | |
| Defendant. | |

### DEFENDANT AARON SWARTZ'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS

Aaron Swartz requests the Court's permission to supplement his Motions to Suppress and Dismiss (Dkts. 59-63) with a critical document only recently produced to Swartz by the Government.  *See* Ex. A.  The Government produced this document to Swartz for the first time in a letter dated December 14, 2012—after both the December 3, 2012, filing deadline for Swartz's reply brief and the December 14, 2012 hearing where this Court considered whether to hold, and ordered, an evidentiary hearing on Swartz's motions to suppress evidence.

The document at issue is an email from Secret Service Agent Michael Pickett to AUSA Stephen Heymann on January 7, 2011, *one day* after the Cambridge Police's January 6, 2011 seizure of an ACER laptop, Western Digital hard drive, and HP USB drive from the MIT campus.  Ex. A.  In the email, Agent Pickett reports to AUSA Heymann that no one had yet sought a warrant to search the computer or flash drive, but that he was "prepared to take custody of the laptop anytime" after it was processed for prints by the Cambridge Police on the morning of January 7, "or whenever you [Heymann] feel is appropriate."  *Id.*

This email directly refutes the Government's Opposition to Swartz's pending motion to suppress evidence obtained from the laptop, hard drive, and USB drive.  Dkt. 63.  Swartz's motion is based on the Government's failure to obtain a search warrant for those items until February 9, 2011—*34 days* after the seizure and 33 days after the email exchange between Agent

Pickett and AUSA Heymann.  In its Opposition, the Government argued that the 34-day delay

was the fault of the Cambridge Police, not the Secret Service, and cannot be imputed to the

federal Government.  Specifically, the Government wrote:

> The Secret Service did not seize [Swartz's] laptop, hard drive, or USB drive on
> January 6, 2011; the Cambridge Police Department did.  ***Nor did the Secret
> Service possess this equipment before obtaining the warrants; the Cambridge
> Police Department did.***  Thus, the United States did not affect Swartz's
> possessory interest in his equipment until it executed warrants. … Swartz cannot
> simply morph allegations that local police held evidence too long in a local
> prosecution into a claim that federal law enforcement officers did so in a
> subsequent federal case.

Dkt. 81 at 52-53 (emphasis added).

The newly-disclosed email shows that the Government's claim that it had no control over

the seized equipment until on or shortly before February 9, 2011 is factually inaccurate.  Agent

Pickett's email makes clear that the Government had actual control over all the computer

hardware at issue as of January 7, 2011—the day after the seizure—and could have taken

physical custody of that hardware at any time.  Moreover, the email shows that the lead

prosecutor in this case not only was aware of this, but was personally directing the Secret Service

regarding whether and when to take physical custody of the hardware.

Accordingly, this recently-produced email is not merely relevant to the pending motions

to suppress, it directly refutes the Government's excuse for the 34-day delay.  It shows that the

Government not only had control over the hardware as of January 7, 2011, but was fully aware at

that point of the hardware's evidentiary significance to this prosecution and its need to seek a

search warrant.  The Government could and should have sought and obtained a warrant promptly

at that point.  It certainly has no excuse for waiting over a full month to do so.

Finally, Swartz could not have submitted the email along with the pending motions or his

reply papers, because—despite the email's relevance to the issues before the Court—the

Government did not produce the email until December 14, 2012.  Swartz has always diligently

sought all available discovery in this case.  Had the Government timely produced this email,

Swartz would have submitted it to the Court at his earliest opportunity and also would have used

the email at the December 14, 2012 hearing.  For all these reasons, Swartz requests that the Court

consider the email in deciding Swartz's pending motions to suppress, so the Court may resolve

the issues presented on a full factual record.


Dated:  January 11, 2013                              Respectfully submitted,

                                                     /s/ Elliot R. Peters
                                                     Elliot R. Peters (admitted *pro hac vice*)
                                                     Daniel Purcell (admitted *pro hac vice*)
                                                     Keker & Van Nest LLP
                                                     633 Battery Street
                                                     San Francisco, CA  94111
                                                     Tel.: (415) 391-5400
                                                     Fax: (415) 397-7188
                                                     Email: epeters@kvn.com
                                                             dpurcell@kvn.com

                                                     Michael J. Pineault
                                                     Clements & Pineault, LLP
                                                     24 Federal Street
                                                     Boston, MA  02110
                                                     Tel.: (857) 445-0135
                                                     Fax: (857) 366-5404
                                                     Email: mpineault@clementspineault.com

                                                     Attorneys for Defendant AARON SWARTZ

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on January 11, 2013 to those indicated as non-registered participants.


Dated: January 11, 2013                    _/s/ Elliot R. Peters_____

                                           Elliot R. Peters

716917.02