UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>AARON SWARTZ,<br><br>                    Defendant. | No. 11-CR-10260-NMG<br><br>Leave to File Granted by Electronic Order Dated January 11, 2013 |

### DEFENDANT AARON SWARTZ'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS

Aaron Swartz requests the Court's permission to supplement his Motions to Suppress and Dismiss (Dkts. 59-63) with a critical document only recently produced to Swartz by the Government.  *See* Ex. A.  The Government produced this document to Swartz for the first time in a letter dated December 14, 2012—after both the December 3, 2012, filing deadline for Swartz's reply brief and the December 14, 2012 hearing where this Court considered whether to hold, and ordered, an evidentiary hearing on Swartz's motions to suppress evidence.

The document at issue is an email from Secret Service Agent Michael Pickett to AUSA Stephen Heymann on January 7, 2011, ***one day*** after the Cambridge Police's January 6, 2011 seizure of an ACER laptop, Western Digital hard drive, and HP USB drive from the MIT campus.  Ex. A.  In the email, Agent Pickett reports to AUSA Heymann that no one had yet sought a warrant to search the computer or flash drive, but that he was "prepared to take custody of the laptop anytime" after it was processed for prints by the Cambridge Police on the morning of January 7, "or whenever you [Heymann] feel is appropriate."  *Id.*

This email directly refutes the Government's Opposition to Swartz's pending motion to suppress evidence obtained from the laptop, hard drive, and USB drive.  Dkt. 63.  Swartz's motion is based on the Government's failure to obtain a search warrant for those items until February 9, 2011—***34 days*** after the seizure and 33 days after the email exchange between Agent

1

Pickett and AUSA Heymann.  In its Opposition, the Government argued that the 34-day delay was the fault of the Cambridge Police, not the Secret Service, and cannot be imputed to the federal Government.  Specifically, the Government wrote:

> The Secret Service did not seize [Swartz's] laptop, hard drive, or USB drive on January 6, 2011; the Cambridge Police Department did.  ***Nor did the Secret Service possess this equipment before obtaining the warrants; the Cambridge Police Department did.***  Thus, the United States did not affect Swartz's possessory interest in his equipment until it executed warrants. … Swartz cannot simply morph allegations that local police held evidence too long in a local prosecution into a claim that federal law enforcement officers did so in a subsequent federal case.

Dkt. 81 at 52-53 (emphasis added).

The newly-disclosed email shows that the Government's claim that it had no control over the seized equipment until on or shortly before February 9, 2011 is factually inaccurate.  Agent Pickett's email makes clear that the Government had actual control over all the computer hardware at issue as of January 7, 2011—the day after the seizure—and could have taken physical custody of that hardware at any time.  Moreover, the email shows that the lead prosecutor in this case not only was aware of this, but was personally directing the Secret Service regarding whether and when to take physical custody of the hardware.

Accordingly, this recently-produced email is not merely relevant to the pending motions to suppress, it directly refutes the Government's excuse for the 34-day delay.  It shows that the Government not only had control over the hardware as of January 7, 2011, but was fully aware at that point of the hardware's evidentiary significance to this prosecution and its need to seek a search warrant.  The Government could and should have sought and obtained a warrant promptly at that point.  It certainly has no excuse for waiting over a full month to do so.

Finally, Swartz could not have submitted the email along with the pending motions or his reply papers, because—despite the email's relevance to the issues before the Court—the Government did not produce the email until December 14, 2012.  Swartz has always diligently sought all available discovery in this case.  Had the Government timely produced this email, Swartz would have submitted it to the Court at his earliest opportunity and also would have used

2

the email at the December 14, 2012 hearing.  For all these reasons, Swartz requests that the Court consider the email in deciding Swartz's pending motions to suppress, so the Court may resolve the issues presented on a full factual record.

Dated:  January 11, 2013

Respectfully submitted,

*/s/ Elliot R. Peters*
Elliot R. Peters (admitted *pro hac vice*)
Daniel Purcell (admitted *pro hac vice*)
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA  94111
Tel.: (415) 391-5400
Fax: (415) 397-7188
Email: epeters@kvn.com
             dpurcell@kvn.com

Michael J. Pineault
Clements & Pineault, LLP
24 Federal Street
Boston, MA  02110
Tel.: (857) 445-0135
Fax: (857) 366-5404
Email: mpineault@clementspineault.com

Attorneys for Defendant AARON SWARTZ

716917.02

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on January 11, 2013 to those indicated as non-registered participants.

Dated: January 11, 2013              */s/ Elliot R. Peters*
                                     Elliot R. Peters

716917.02