**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>AARON SWARTZ,<br><br>            Defendant. | Crim. No. 11-CR-10260-NMG |

**DECLARATION OF MICHAEL PINEAULT IN SUPPORT OF
DEFENDANT'S MOTION TO MODIFY PROTECTIVE ORDER**

I, Michael J. Pineault, declare as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and a partner at Clements & Pineault, LLP, counsel for the above-named Defendant. Unless otherwise stated below, I have personal knowledge of the facts set forth in this declaration.

2. On or about February 4, 2013, Mr. Swartz's counsel received a letter from the United States House of Representatives Committee on Oversight and Government Reform, requesting copies of the discovery provided by the Government to Aaron Swartz in this matter, in order to assist that committee's investigation of Mr. Swartz's prosecution. A true and correct copy of that letter is attached hereto as Exhibit A.

3. By correspondence dated February 7, 2013, I notified First Assistant U.S. Attorney Jack Pirozzolo in the U.S. Attorney's Office for the District of Massachusetts of the foregoing request and asked whether the Government would assent to modify the November 30, 2011 Protective Order in this matter [Dkt. #28] so as to permit Mr. Swartz's counsel to produce the requested materials to Congress. A true and correct copy of my letter to Mr. Pirozzolo is attached hereto as Exhibit B.

4. Since February 7, I have engaged in extensive meet and confer discussions with Mr. Pirozzolo regarding the extent to which the Government might agree to any modifications to the Protective Order.

5. Mr. Pirozzolo has represented to me that the Department of Justice is willing to assent to modification of the Protective Order so as to permit the production of certain, but not all, of the requested discovery materials to the United States House of Representatives Committee on Oversight and Government Reform.  Specifically, Mr. Pirozzolo has communicated the Department of Justice's desire to except from any production the following materials:  (a) transcripts of grand jury testimony; (b) immunity orders issued to grand jury witnesses; (c) copies of any JSTOR articles that are not generally available to the public (i.e., that are only available to JSTOR subscribers); (d) any computer code that may have been written in connection with efforts to download such articles from JSTOR; and (e) criminal history information.

6. With respect to the remaining discovery materials that the Government produced to counsel for Mr. Swartz, Mr. Pirozzolo has communicated the Department of Justice's intention to assent to the production of such materials to Congress, subject to the following redactions:

   a) As to Assistant U.S. Attorneys Stephen Heymann and Scott Garland, the Department seeks to redact any references to home addresses or conference call-in numbers;

   b) As to the following four law enforcement personnel – Secret Service Special Agents Seidel and Pickett, Cambridge Police Officer Murphy, and Government Expert Geiger – the Department seeks to redact any references to home addresses, conference call-in numbers, e-mail addresses or telephone numbers;

   c) As to all other individuals, including but not limited to: (i) other law enforcement personnel, (ii) current and former employees of JSTOR and the

        Massachusetts Institute of Technology, and (iii) four private individuals who were questioned by the Government during its investigation, the Department seeks also to redact names, job titles, and other information that might reveal the identities of such individuals, absent express and individualized consent from each individual to disclose his or her name or other identifying information.

7.     Mr. Pirozzolo further has stated that, at present, the Department of Justice is inclined to assent to a modification of the Protective Order that, subject to the foregoing conditions, would permit the production of the discovery materials to any member of the public. The Department has reserved the right to reassess the latter issue.

8.     Finally, Mr. Pirozzolo has communicated MIT's and JSTOR's desire to receive notice of any motion to modify the Protective Order, so as to permit them an opportunity to seek leave to intervene and be heard on the motion.

9.     Based on the file in this case, I am informed and believe that on August 12, 2011, prior to my involvement in this matter, the Government produced the first discovery materials to Mr. Swartz. A true and correct copy of the letter from the Government to Mr. Swartz's former counsel accompanying that disclosure is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed electronically in Boston, Massachusetts on March 15, 2013.

                                        */s/ Michael J. Pineault*
                                        Michael J. Pineault

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF), that paper copies will be sent to those indicated as non-registered participants, and that copies simultaneously will be served by overnight mail on the following attorneys:

Jack W. Pirozzolo
First Assistant United States Attorney
District of Massachusetts
John Joseph Moakley Federal Courthouse
One Courthouse Way
Boston, MA 02210

Jonathan Kotlier
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2604
(Counsel for MIT)

Jeremy Feigelson
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(Counsel for JSTOR)

*/s/ Elliot R. Peters*
Elliot R. Peters