UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. 11-CR-10260-NMG |
| AARON SWARTZ, | |
| Defendant | |

**DECLARATION OF JACK W. PIROZZOLO IN SUPPORT OF THE UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO MODIFY PROTECTIVE ORDER**

I, Jack W. Pirozzolo, declare as follows:

1. I am currently the First Assistant United States Attorney for the District of Massachusetts. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2. Beginning on or about February 7, 2013 and continuing until March 15, 2013, I engaged in various discussions with Michael J. Pineault of Clements & Pineault, LLP ("estate counsel") regarding the possible modification of the Protective Order (Dkt. 28) filed in this matter on November 30, 2011. This declaration does not purport to specify all of the discussions I had with estate counsel, only those that appear in the United States' Response to the Motion to Modify the Protective Order and that do not otherwise appear in estate counsel's Declaration filed in Support of the Motion to Modify the Protective Order.

1

3. Estate counsel agreed to provide counsel for JSTOR and MIT a copy of any motion to modify the Protective Order so that JSTOR and MIT would have notice and an opportunity to intervene and be heard on the proposed modification.

4. During my discussions with estate counsel, I informed him that the United States agreed that the Protective Order should be modified to permit disclosure of certain information to Congress and the public. I also informed him that whatever additional public benefit might exist by disclosing certain names was, in this case, outweighed by the risk to those individuals of becoming targets of threats, harassment and abuse. I also informed him that if the individuals were notified and consented to the disclosure of their names, then no redaction would be necessary, but that the United States would not agree to disclosure of their names without their consent. Estate counsel asserted that the disclosure of the names was necessary because one issue he and his clients were focused on, along with Congress and the press, was the role and conduct of the "institutional players."

5. On February 21, 2013, I asked estate counsel whom he represented in connection with the proposed modification of the protective order. Estate counsel told me that he represented the California-based law firm, Keker & Van Nest LLP ("Keker"), which had custody of the discovery material and had received the request from Congress. He said at that time he was not sure whether he would be representing Mr. Swartz's estate (the "Estate"). On March 1, 2013, he informed me that he also represented the Estate. Although I briefly discussed with him the question of who had standing to file a motion to modify the Protective Order, I did not discuss that issue in any meaningful detail.

6. I spoke briefly with estate counsel regarding discovery materials that disclosed security weaknesses and security methods in the JSTOR and MIT networks, but we did not resolve whether estate counsel would press for release of those materials in moving to modify the order.

7. On March 14, 2013, the day before the Estate filed the Motion, I briefly discussed with estate counsel whether he had a position on the procedure to be used for allowing third parties -- JSTOR or MIT, for example -- to review the discovery materials should the Court modify the Protective Order to permit some discovery materials to be disclosed to Congress and the public. He said that he did not know yet what his position would be on the procedure to be followed.

8. I spoke with estate counsel about materials that MIT produced to Keker pursuant to Rule 17(c). He informed me that, in his view, the Protective Order did not apply to that material.

9. Attached at Tab A is a redacted copy of an email dated July 20, 2011 sent to this office from JSTOR.

10. Attached at Tab B are copies of the following articles:

   a. *In Swartz tribute, Hackers Attack M.I.T. Site*, http://bits.blogs.nytimes.com/2013/01/14; and
   b. *Following Aaron Swartz's suicide, MIT network attacked three times*, www.boston.com/yourcampus/news/harvard/2013/02.

11. Attached at Tab C are copies of the following articles:

   a. *Israel Ruiz writes to MIT community regarding recent hoax*, http://web.mit.edu/newsoffice/2013/letter-to-the-community-ruiz-0228.html; and
   b. *MIT says hoax motivated by Swartz death: President called target*, Boston Globe, February 28, 2013.

12. Attached at Tab D is a copy of *After Attack, Sentencing Agency Struggles to Get Back Online*, The Wall Street Journal, January 28, 2013.

13. In my capacity as First Assistant United States Attorney, I have been shown various harassing and potentially threatening email messages directed at United States Attorney Ortiz and the United States Attorney's Office following Mr. Swartz's suicide.

14. Attached at Tab E are copies of the following articles:

   a. *Swartz case protest at Boston US Attorney's Home*, The Boston Globe, March 12, 2013; and
   b. *Swartz protesters go to prosecutor's home*, The Boston Globe, March 17, 2013.

15. In my capacity as First Assistant, I have been shown various harassing and threatening messages directed at AUSA Heymann. One such email I have seen states, among other things:

> ROFLMAO just saw you were totally dox'd over the weekend by Anonymous. How does it feel to become an enemy of the state? FYI, you might want to move out of the country and change your name . . .

That same email copies personal information of AUSA Heymann, including his home address and personal telephone number, among other things. AUSA Heymann has also reported to me that his personal information (including his home address, personal telephone number, and the names of family member and friends) were posted online, and that his Facebook page was hacked.

16. Attached at Tab F is a redacted copy of a postcard that AUSA Heymann has informed me he received at his home.

17. Attached at Tab G is a copy of a postcard that Professor Philip Heymann has informed me he received.

4

I declare under penalty of perjury that the foregoing is true and correct. Executed electronically within the United States this 29th day of March 2013.

             **/s/Jack W. Pirozzolo**
             Jack W. Pirozzolo