DARRELL E. ISSA, CALIFORNIA
CHAIRMAN

ELIJAH E. CUMMINGS, MARYLAND
RANKING MINORITY MEMBER

ONE HUNDRED THIRTEENTH CONGRESS

# Congress of the United States
## House of Representatives
COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM
2157 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–6143

Majority (202) 225–5074
Minority (202) 225–5051

January 28, 2013

The Honorable Eric H. Holder, Jr.
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Dear Mr. Attorney General:

We are writing to request a briefing about the decisions by federal prosecutors to bring criminal charges in 2011 and 2012 against Internet activist Aaron Swartz, 26, who was found dead in his apartment from an apparent suicide on January 11, 2013.

In 2010, Mr. Swartz founded *Demand Progress*, an effort to rally the online community against two Internet-related censorship bills, the Stop Online Piracy Act (SOPA) and its companion, the Protect IP Act (PIPA). He was a firm believer in using the Internet to provide open access to the world's knowledge, and he campaigned fervently against SOPA/PIPA.[1]

According to a federal indictment, police at the Massachusetts Institute of Technology (MIT) arrested Mr. Swartz in 2011 for allegedly using computers at MIT to gain illegal access to millions of scholarly papers kept by JSTOR, a subscription-only service for distributing scientific and literary journals. Mr. Swartz allegedly broke into computer networks at MIT by gaining entry to a utility closet on campus and leaving a laptop that he programmed to request a huge volume of articles from JSTOR.[2]

Mr. Swartz reportedly turned over hard drives containing 4.8 million documents to federal law enforcement officials, and JSTOR declined to pursue the case.[3] Carmen M. Ortiz, the Massachusetts U.S. Attorney, declined to drop the charges, saying that, "stealing is stealing,

---

[1] Noam Cohen, *A Data Crusader, A Defendant and Now, a Cause*, N.Y. TIMES (Jan. 13, 2013) (Online at: http://www.nytimes.com/2013/01/14/technology/aaron-swartz-a-data-crusader-and-now-a-cause.html?pagewanted=all&_r=0).
[2] Superseding Indictment, *United States v. Aaron Swartz*, No. 11-CR-10260 (D. Mass. Sept. 12, 2012).
[3] Press release, *Misuse Incident and Criminal Case*, JSTOR (July 19, 2011)(Online at: http://about.jstor.org/news/jstor-statement-misuse-incident-and-criminal-case.

The Honorable Eric H. Holder, Jr.
January 28, 2013
Page 2

whether you use a computer command or a crowbar, and whether you take documents, data or dollars."[4]

On July 14, 2011, federal prosecutors charged Mr. Swartz with four felony counts: Wire Fraud, Computer Fraud, Theft of Information from a Computer, and Recklessly Damaging a Computer.[5] On September 12, 2012, prosecutors filed a superseding indictment with thirteen felony counts.[6] It appears that prosecutors increased the felony counts by providing specific dates for each action, turning each marked date into its own felony charge, and significantly increasing Mr. Swartz's maximum criminal exposure to up to 50 years imprisonment and $1 million in fines.[7] A trial was scheduled for April 2013.[8]

According to *The Wall Street Journal*, prosecutors reportedly offered a plea bargain to Mr. Swartz: if he pled guilty to the 13 felony counts, he would receive a sentence of 7-8 months in jail.[9] According to press reports, prosecutors told Mr. Swartz's attorney that if the case went to trial and Mr. Swartz was convicted, they would seek a prison sentence of 7-8 years. Mr. Swartz reportedly did not want to serve time in jail and declined to accept this deal.[10]

Many questions have been raised about the appropriate level of punishment sought by prosecutors for Mr. Swartz's alleged offenses, and how the Computer Fraud and Abuse Act, cited in 11 of 13 counts against Mr. Swartz, should apply under similar circumstances.[11] For example, according to Marc Zwillinger, a former federal prosecutor familiar with cybercrime investigations, "[t]he question in any given case is whether the prosecutor asked for too much, and properly balanced the harm caused in a particular case with the defendant's true culpability."[12]

Noting that this is no longer an active criminal case, we request a briefing from Department officials about the following questions:

---

[4] Press release, *Alleged Hacker Charged with Stealing over Four Million Documents from MIT Network*, The United States Attorney's Office District of Massachusetts (July 19, 2011) (Online at: http://www.justice.gov/usao/ma/news/2011/July/SwartzAaronPR.htm).
[5] Indictment, *United States v. Aaron Swartz*, No. 11-CR-10260 (D. Mass. July 14, 2011).
[6] Superseding Indictment, *United States v. Aaron Swartz*, No. 11-CR-10260 (D. Mass. Sept. 12, 2012).
[7] Steven Hsieh, *Why Did the Justice System Target Aaron Swartz?*, ROLLING STONE (Jan. 23, 2013) (online at: http://www.rollingstone.com/politics/news/why-did-the-justice-system-target-aaron-swartz-20130123); *Aaron Swartz and Prosecutorial Discretion*, HARVARD UNIVERSITY PRESS BLOG (Jan. 23, 2013) (online at: http://harvardpress.typepad.com/hup_publicity/2013/01/aaron-swartz-and-prosecutorial-discretion.html).
[8] Noam Cohen, *A Data Crusader, A Defendant and Now, a Cause*, N.Y. TIMES (Jan. 13, 2013) (online at: http://www.nytimes.com/2013/01/14/technology/aaron-swartz-a-data-crusader-and-now-a-cause.html?pagewanted=all&_r=0).
[9] Spencer E. Ante, *et al.*, *Legal Case Strained Troubled Web Activist*, WALL ST. J. (Jan. 13, 2013) (online at: http://online.wsj.com/article/SB10001424127887324581504578238692048200404.html).
[10] *Id.*
[11] 18 U.S.C. § 1030.

The Honorable Eric H. Holder, Jr.
January 28, 2013
Page 3

1. What factors influenced the decision to prosecute Mr. Swartz for the crimes alleged in the indictment, including the decisions regarding what crimes to charge and the filing of the superseding indictment?

2. Was Mr. Swartz's opposition to SOPA or his association with any advocacy groups among the factors considered?

3. What specific plea offers were made to Mr. Swartz, and what factors influenced the decisions by prosecutors regarding plea offers made to Mr. Swartz?

4. How did the criminal charges, penalties sought, and plea offers in this case compare to those of other cases that have been prosecuted or considered for prosecution under the Computer Fraud and Abuse Act?

5. Did the federal investigation of Mr. Swartz reveal evidence that he had committed other hacking violations?

6. What factors influenced the Department's decisions regarding sentencing proposals?

7. Why was a superseding indictment necessary?

Please make arrangements to schedule this briefing by no later than Monday, February 4, 2013. Thank you for your cooperation.

Sincerely,

Darrell E. Issa
Chairman

Elijah D. Cummings
Ranking Member