UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                :
                                         :
                Plaintiff,       :
                                         :
                                         :  Crim. No 11-CR-10260-NMG
      v.                                 :
                                         :  **[PROPOSED] ORDER**
AARON SWARTZ,                            :
                                         :
                Defendant.       :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS the Estate of defendant Aaron Swartz ("the Estate") has moved to modify the protective order (Dkt. 28) in this case, a copy of which is appended hereto at Tab A for reference ("Protective Order"); and

WHEREAS non-parties Ithaka Harbors, Inc. d/b/a JSTOR ("JSTOR") and the Massachusetts Institute of Technology ("MIT") have been granted leave to intervene on the Estate's motion to modify the Protective Order, and the Estate and the United States have consented to the intervention; and

WHEREAS the Estate, the United States, JSTOR and MIT agree that the Protective Order should be modified to allow for public access to discovery materials in this case; and

WHEREAS on May 13, 2013, the Court issued a Memorandum & Order concerning the Estate's motion, granting the motions of JSTOR and MIT to intervene, resolving open issues as to the scope of redactions, and ordering the Estate, the United

States and the intervenors to submit a joint proposed order for modification of the

Protective Order (the "Modification") consistent with that Memorandum & Order, which

they submitted on May 31, 2013;

      IT IS HEREBY ORDERED THAT:

1.     The Protective Order is hereby modified, and discovery materials should be readied for public release, as follows:

    a.     For purposes of this Modification, the term "Discovery Documents" shall mean documents, electronic files, records and other materials the United States produced to the defendant Aaron Swartz, including the defendant's counsel (the "defendant") in this matter pursuant to Fed. R. Crim. P. 16 and this Court's Local Rules 116.1 and 116.2. The term includes all documents subject to the Protective Order. The term "Discovery Documents" shall also include any documents, electronic files, records and materials produced by JSTOR or MIT to the defendant pursuant to Fed. R. Crim. P. 17 or on any other basis.

    b.     Within five business days of this Order, the Estate and the counsel for the Estate shall deliver to the U.S. Attorney's Office in Boston ("USAO") the originals and all copies of all Discovery Documents, including all Discovery Documents in the possession of the Estate, counsel for the Estate, and/or the "defense" as that term is defined in ¶1 of the Protective Order, except for: (i) those Discovery Documents that have been destroyed pursuant to paragraph 2 of this Modification; and (ii) 2 sets of the Discovery Documents, which may be retained to perform the review process set forth in subparagraph 1(i) of this Modification.

    c.     The USAO shall remove from the Discovery Documents provided all documents that the counsel for the Estate and the USAO previously agreed should not be publicly disclosed, including without limitation (a) transcripts of grand jury testimony, (b) materials concerning immunity for grand jury witnesses, (c) the articles downloaded by Mr. Swartz from the JSTOR digital library (content and metadata), (d) any computer code that was used or intended to be used to download articles from JSTOR, and (e) criminal history information. Attached at Tab B is a more detailed description of the discovery materials not to be disclosed.

    d.     The USAO then may redact the remaining Discovery Documents to its reasonable satisfaction in order to remove the names of government employees, witnesses and potential witnesses (not otherwise employed by

        JSTOR or MIT) and other information reasonably likely to facilitate the identification of such individuals, except for the names of the two Assistant United States Attorneys, three members of law enforcement and one expert witness that the USAO has previously agreed to leave unredacted.  Redactions may include, but need not be limited to, names, email prefixes, personal e-mail suffixes, telephone numbers, home and work addresses, conference call numbers, Social Security numbers, birthdates, job titles, resumes, curriculum vitae, personnel files, and departments.

e.       The USAO then will provide the redacted set of Discovery Documents to MIT, at which time MIT may further redact the documents to its reasonable satisfaction in order to remove any references to possible network vulnerabilities and to the names of MIT employees, students, or other individuals affiliated with the Institute, and any other information reasonably likely to facilitate the identification of such individuals.  Redactions may include, but need not be limited to, names, email prefixes, personal e-mail suffixes, telephone numbers, home and work addresses, conference call numbers, Social Security numbers, birthdates, job titles, resumes, curriculum vitae, personnel files, and departments.

f.       MIT then will provide the redacted set of Discovery Documents to JSTOR, at which time JSTOR may further redact the documents on the same terms set forth in the preceding subparagraph as to MIT.

g.       JSTOR then will provide the redacted set of Discovery Documents to the USAO for a final review, after which the USAO will distribute copies of the fully redacted set of Discovery Documents to the Estate, MIT and JSTOR.  The USAO will affix new Bates numbering to this redacted set of Discovery Documents before distributing it.

h.       The USAO, MIT and JSTOR are directed to cooperate to generate the redacted set of Discovery Documents within 60 days of the USAO's receipt of the Discovery Documents from counsel for the Estate.  If the 60 day period cannot be met, the parties affected by this document may seek leave of the Court to extend the period of time to complete the redaction process, which leave shall be granted for good cause shown.

i.       Upon receipt of the redacted set of Discovery Documents pursuant to sub-paragraph 1(g), above, the Estate shall have 14 days to review the proposed redactions and to serve the USAO, MIT and JSTOR with any written objections to the nature or extent of the redactions.  Within 7 days following service of any such objections, the parties shall confer and attempt to resolve any disagreements.  If the parties are unable to reach

    agreement concerning any disputed redactions, the Estate may file a motion seeking resolution by the Court.

  j. Upon final agreement – or judicial resolution – concerning the scope of the redactions and completion of the redaction process (hereafter, "the Completion Date"), the resulting final redacted set of Discovery Documents (hereafter,"the Publicly Available Set of Documents") shall be open to public inspection or distribution.

2. It is further ordered that:

  a. Within five business days of this Order, the Estate, counsel for the Estate, and the "defense" as that term is defined in ¶1 of the Protective Order, shall destroy all copies of the Discovery Documents not otherwise delivered to the USAO or permitted to be retained pursuant to ¶1(b) of this Modification, and shall certify to the Court that such destruction has occurred.

  b. If the Estate, counsel for the Estate or a member of the "defense" as that term is defined in ¶1 of the Protective Order has distributed any copies of the Discovery Documents to any person, or is otherwise aware that any person has possession of the Discovery Documents other than the United States, MIT or JSTOR, then, within five business days of this Order, the Estate, the counsel for the Estate or that member of the "defense" shall cause the destruction of those copies and certify to the Court that all such copies of the Discovery Documents have been destroyed, or, if the reasonable efforts of the counsel for the Estate do not result in causing the destruction of those copies, shall inform the Court of those individuals or entities who have copies of Discovery Documents that have not been destroyed and provide to the Court (with copies to MIT, JSTOR and the USAO) the signed copy of the protective order acknowledging receipt of the Protective Order and the agreement to be bound by it (as provided in ¶4 of the Protective Order).

  c. Within 5 business days of the Completion Date, the Estate, counsel for the Estate, and the "defense" as that term is defined in ¶1 of the Protective Order, shall destroy the 2 sets of the Discovery Documents whose retention is permitted by subparagraph 1(b) of this Modification, and shall certify to the Court that such destruction has occurred.

3. The Estate, counsel for the Estate, a member of the "defense" as that term is defined in paragraph 1 of the Protective Order, and/or any other person who they permitted to review or receive copies of the Discovery Documents shall not disclose any information contained in, or derived from, any material redacted in

        the Publicly Available Set of Documents. For clarification, this prohibition includes but is not limited to, any public use, discussion, description or release of the information that is redacted in the Publicly Available Set of Documents.

4. No person who obtained access to the Discovery Documents in their unredacted form during the pendency of this criminal case (11-cr-10260-NMG), or thereafter, shall disclose any information contained in, or derived from, any material redacted in the Publicly Available Set of Documents. For clarification, this prohibition includes but is not limited to, any public use, discussion, description or release of the information that is redacted in the Publicly Available Set of Documents. For further clarification, nothing in this Order shall preclude JSTOR or MIT from voluntarily releasing documents from their own files.

5. If the USAO, MIT or JSTOR publicly releases its own documents with fewer redactions than will be contained in the Publicly Available Documents, nothing in Paragraphs 3 or 4 of this Modification prohibits anyone from discussing or commenting on the newly disclosed information.

SO ORDERED:

_____
Hon. Nathaniel M. Gorton

_____
Dated

# TAB A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10260-NMG |
| | ) | |
| AARON SWARTZ, | ) | |
| Defendant | ) | |

## PROTECTIVE ORDER

Whereas the Indictment in this case alleges that JSTOR and the Massachusetts Institute of Technology ("MIT") are victims of conduct committed by Defendant Aaron Swartz, and the materials discoverable in this case under Fed. R. Crim. P. 16 and L. R. 116.1-116.2 contain potentially sensitive, confidential and proprietary communications, documents, and records obtained from JSTOR and MIT, including discussion of the victims' computer systems and security measures,

The Court finds, without objection, good cause for entry of this Protective Order pursuant to Fed. R. Crim. P. 16(d):

1. The Government and the defense - that is, Defendant Swartz, his defense counsel and their staff, and any experts or investigators with whom defense counsel elects to consult- shall produce all documents, files and records discoverable under Fed. R. Crim. P. 16 and L.R. 116.1-116.2 ("discovery materials") for review in accordance with the conditions set by this Order.

2. With the exceptions listed below, the defense may obtain, make, and exchange amongst themselves copies of any discovery materials they deem necessary to prepare the defense of this case. All discovery materials and copies of discovery materials made by them or

1

provided to them by the Government shall be kept securely at their offices, residences, or while it is being reviewed in any other location

    a.    Per the parties' agreement, and without prejudice to a future application based on good cause by the defendant as set forth below, the Government will not, at this point, provide the defense complete imaged copies of all the files contained on four Samsung hard drives delivered to the Government by Defendant Aaron Swartz on June 17, 2011, and journal articles and other materials contained on a Maxtor hard drive seized by the Government at MIT on January 6, 2011. In lieu of the defense receiving complete copies of these hard drives:

    i.    The Government shall provide the defense electronic copies of those hard drives from which will be redacted all articles downloaded from JSTOR with the exception of approximately 350,000 separate articles that JSTOR released for free, public access on September 7, 2011, with those files' metadata intact in a form that will permit adequate forensic examination of the files. If this is not practicable, the parties shall work to agree on procedures to implement paragraph 2 (a) (v) (C) of this Order. The parties shall return to this Court with a proposed supplemental order and, if necessary, any disagreements they may have concerning sufficient security limitations carefully narrowed. All other aspects are severable and shall remain in full force and effect.

    ii.    The Government shall provide the defense a report listing all the files on the hard drives, along with the files' metadata.

    iii.    The Government shall provide the defense a bibliographic-type listing of the JSTOR articles found on the hard drives in sufficient detail to enable the defense to identify each such article.

2

    iv.    The Government shall make forensic copies of the complete unredacted hard drives available for review by the defense at the Boston Office of the Secret Service at reasonable times upon 7 day notice that any member of the defense wants to inspect or conduct forensic tests upon the hard drives. During any review conducted by the defense, the Secret Service shall make an agent otherwise unaffiliated with the investigation and prosecution of this case available to provide assistance. This agent shall not communicate with the prosecution team about what items the defense reviews and shall not be present during the viewing and/or testing, except at the defense's request or with prior approval of the Court. The parties will agree upon additional procedures necessary to ensure the security of the records and files stored on these hard drives in the event that the defense elects to do further inspection or conduct forensic examinations upon the hard drives at the Secret Service.

    v.    The defense shall not move for and the Court will not grant, an order requiring the Government to provide the defense copies of all the files on these hard drives, unless the defense demonstrates to the Court by a preponderance of the evidence that (A) defense counsel after inspection and forensic examination of the discovery materials provided pursuant to this agreement has a well founded basis, which will be particularized for the Court, that additional forensic testing on files other than those produced under subparagraph i, above, will lead to evidence material to the defense that cannot be adequately developed from the discovery materials provided pursuant to paragraphs 2 (a) (i-iii); or (B) the requested additional production is otherwise necessary to protect Defendant's constitutional rights; and (C) the defense's storage of and Defendant's access to all of these files will be under sufficiently secure restrictions to prevent the files' theft or public distribution (including restrictions on the location of the files'

3

storage, restrictions on who may have physical or electronic access to the files, the conditions under which Defendant can access the files, and the posting of substantial, third party financial security).

      b.    Defendant may inspect, but may not be given or allowed to reproduce, copies of:

    (1)    Two e-mail chains identified by the Government containing discussions of security weaknesses in MIT's computer network;

    (2)    Seven e-mail chains (or portions of chains) identified by the Government containing discussions of security methods of and weaknesses in JSTOR's network; and

    (3)    Police reports containing the name of one student who identified the defendant from a photo spread, and one non-law enforcement witness, who has been charged but not convicted in state court in a matter arising out of a personal relationship.

Defense counsel will, however, receive unredacted email chains and police reports of the identification which the defendant may fully inspect without copying at counsel's office.

    3.    The Government and the defense shall use the opposing party's discovery materials solely and exclusively to litigate this case (including investigation, pre-trial motions, trial preparation, trial, and appeal), and not for any other purpose. In the event either party believes it necessary to use any such materials for any other purpose, they may seek leave of Court, in which instance opposing counsel and victims shall have an opportunity to be heard.

    4.    Except when preparing a potential witness, the defense shall not show or make the discovery materials available by any means (electronic, physical or otherwise) to any person who is not a member of the defense, absent further order of this Court. Once a potential witness has also signed and agreed to be bound by the terms of this Protective Order, the defense may show

the potential witness discovery materials necessary to prepare them, but may not give or allow the potential witness to retain the discovery materials or copies of them.

5. Each person receiving access to an opposing party's discovery materials other than counsel for the government, law enforcement officers, and counsel for the Defendant, shall first sign and date a copy of this Order to indicate their understanding of, acknowledgment of, and agreement to abide by its terms. Both the Government attorney and Defense counsel shall keep the signed copies in the event of a disclosure or use of discovery materials prohibited by this Order. Neither party shall be required to disclose to the other party who has been given access to what discovery materials, absent further order of this Court following an opportunity to be heard.

6. Defense counsel shall promptly notify the Government and this Court, and Government counsel shall promptly notify Defense counsel and this Court, if any discovery materials are (a) used in a manner inconsistent with this Order or (b) disclosed either intentionally or unintentionally to anyone not designated by this Order or further order of the Court. Each member of the defense and potential witness provided access to discovery materials shall promptly notify defense counsel of any such disclosures.

7. At the end of these proceedings, including any potential appeals, the defense shall destroy all copies of discovery materials received and made by it. Defense counsel may keep one copy of all discovery materials for such additional time as they deem necessary to ensure their ability to satisfy all professional obligations to Defendant in this matter. The Government may keep one copy of all defense discovery materials for such additional time as it deems necessary to satisfy its professional obligations and any relevant statutes, regulations, or policies.

8. Nothing in this protective order is intended to otherwise restrict the proper use by the parties of any discovery materials during the investigation, pre-trial litigation, trial preparation, trial or appeal of this matter.

SO STIPULATED.

_____
Aaron Swartz
Defendant

_____
Stephen P. Heymann
Scott L. Garland
Assistant U.S. Attorneys

_____
Martin G. Weinberg
Defense Counsel

SO ORDERED.

Date: 11\30\11

_____
JUDITH G. DEIN
United States Chief Magistrate Judge

6

## TAB B

Discovery Materials Not to Be Disclosed

1. Transcripts of witnesses' testimony before the state and federal grand juries which returned indictments against Aaron Swartz;

2. Documents and records pertaining to testimonial immunity accorded witnesses proffering and testifying;

3. Content and metadata downloaded from JSTOR between September 24, 2010 and January 6, 2011;

4. Police reports, criminal history reports, fingerprint identification reports, photospreads, booking photos, and booking reports pertaining to third parties;

5. Forensic images of computer hardware, all text reproductions of keepgrabbing.py, serveblocks.py, oaigrab.py and keepgrabbing2.py, and all section by section analyses of the listed computer code; and

6. Materials previously identified as containing sensitive network information produced subject to paragraph 2(b) of the Protective Order.

2197833.2
2198026.1