UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------x
UNITED STATES OF AMERICA,          :
                                    :
                   Plaintiff,       :
                                    :
                                    :   Crim. No 11-CR-10260-NMG
         v.                         :
                                    :   [~~PROPOSED~~] ORDER
AARON SWARTZ,                       :
                                    :
                   Defendant.       :
                                    :
------------------------------------x

WHEREAS the Estate of defendant Aaron Swartz ("the Estate") has moved to modify the protective order (Dkt. 28) in this case, a copy of which is appended hereto at Tab A for reference ("Protective Order"); and

WHEREAS non-parties Ithaka Harbors, Inc. d/b/a JSTOR ("JSTOR") and the Massachusetts Institute of Technology ("MIT") have been granted leave to intervene on the Estate's motion to modify the Protective Order, and the Estate and the United States have consented to the intervention; and

WHEREAS the Estate, the United States, JSTOR and MIT agree that the Protective Order should be modified to allow for public access to discovery materials in this case; and

WHEREAS on May 13, 2013, the Court issued a Memorandum & Order concerning the Estate's motion, granting the motions of JSTOR and MIT to intervene, resolving open issues as to the scope of redactions, and ordering the Estate, the United

States and the intervenors to submit a joint proposed order for modification of the Protective Order (the "Modification") consistent with that Memorandum & Order, which they submitted on May 31, 2013;

IT IS HEREBY ORDERED THAT:

1. The Protective Order is hereby modified, and discovery materials should be readied for public release, as follows:

    a. For purposes of this Modification, the term "Discovery Documents" shall mean documents, electronic files, records and other materials the United States produced to the defendant Aaron Swartz, including the defendant's counsel (the "defendant") in this matter pursuant to Fed. R. Crim. P. 16 and this Court's Local Rules 116.1 and 116.2. The term includes all documents subject to the Protective Order. The term "Discovery Documents" shall also include any documents, electronic files, records and materials produced by JSTOR or MIT to the defendant pursuant to Fed. R. Crim. P. 17 or on any other basis.

    b. Within five business days of this Order, the Estate and the counsel for the Estate shall deliver to the U.S. Attorney's Office in Boston ("USAO") the originals and all copies of all Discovery Documents, including all Discovery Documents in the possession of the Estate, counsel for the Estate, and/or the "defense" as that term is defined in ¶1 of the Protective Order, except for: (i) those Discovery Documents that have been destroyed pursuant to paragraph 2 of this Modification; and (ii) 2 sets of the Discovery Documents, which may be retained to perform the review process set forth in subparagraph 1(i) of this Modification.

    c. The USAO shall remove from the Discovery Documents provided all documents that the counsel for the Estate and the USAO previously agreed should not be publicly disclosed, including without limitation (a) transcripts of grand jury testimony, (b) materials concerning immunity for grand jury witnesses, (c) the articles downloaded by Mr. Swartz from the JSTOR digital library (content and metadata), (d) any computer code that was used or intended to be used to download articles from JSTOR, and (e) criminal history information. Attached at Tab B is a more detailed description of the discovery materials not to be disclosed.

    d. The USAO then may redact the remaining Discovery Documents to its reasonable satisfaction in order to remove the names of government employees, witnesses and potential witnesses (not otherwise employed by

    JSTOR or MIT) and other information reasonably likely to facilitate the identification of such individuals, except for the names of the two Assistant United States Attorneys, three members of law enforcement and one expert witness that the USAO has previously agreed to leave unredacted. Redactions may include, but need not be limited to, names, email prefixes, personal e-mail suffixes, telephone numbers, home and work addresses, conference call numbers, Social Security numbers, birthdates, job titles, resumes, curriculum vitae, personnel files, and departments.

e.    The USAO then will provide the redacted set of Discovery Documents to MIT, at which time MIT may further redact the documents to its reasonable satisfaction in order to remove any references to possible network vulnerabilities and to the names of MIT employees, students, or other individuals affiliated with the Institute, and any other information reasonably likely to facilitate the identification of such individuals. Redactions may include, but need not be limited to, names, email prefixes, personal e-mail suffixes, telephone numbers, home and work addresses, conference call numbers, Social Security numbers, birthdates, job titles, resumes, curriculum vitae, personnel files, and departments.

f.    MIT then will provide the redacted set of Discovery Documents to JSTOR, at which time JSTOR may further redact the documents on the same terms set forth in the preceding subparagraph as to MIT.

g.    JSTOR then will provide the redacted set of Discovery Documents to the USAO for a final review, after which the USAO will distribute copies of the fully redacted set of Discovery Documents to the Estate, MIT and JSTOR. The USAO will affix new Bates numbering to this redacted set of Discovery Documents before distributing it.

h.    The USAO, MIT and JSTOR are directed to cooperate to generate the redacted set of Discovery Documents within 60 days of the USAO's receipt of the Discovery Documents from counsel for the Estate. If the 60 day period cannot be met, the parties affected by this document may seek leave of the Court to extend the period of time to complete the redaction process, which leave shall be granted for good cause shown.

i.    Upon receipt of the redacted set of Discovery Documents pursuant to sub-paragraph 1(g), above, the Estate shall have 14 days to review the proposed redactions and to serve the USAO, MIT and JSTOR with any written objections to the nature or extent of the redactions. Within 7 days following service of any such objections, the parties shall confer and attempt to resolve any disagreements. If the parties are unable to reach

           agreement concerning any disputed redactions, the Estate may file a motion seeking resolution by the Court.

    j.    Upon final agreement – or judicial resolution – concerning the scope of the redactions and completion of the redaction process (hereafter, "the Completion Date"), the resulting final redacted set of Discovery Documents (hereafter, "the Publicly Available Set of Documents") shall be open to public inspection or distribution.

2.    It is further ordered that:

    a.    Within five business days of this Order, the Estate, counsel for the Estate, and the "defense" as that term is defined in ¶1 of the Protective Order, shall destroy all copies of the Discovery Documents not otherwise delivered to the USAO or permitted to be retained pursuant to ¶1(b) of this Modification, and shall certify to the Court that such destruction has occurred.

    b.    If the Estate, counsel for the Estate or a member of the "defense" as that term is defined in ¶1 of the Protective Order has distributed any copies of the Discovery Documents to any person, or is otherwise aware that any person has possession of the Discovery Documents other than the United States, MIT or JSTOR, then, within five business days of this Order, the Estate, the counsel for the Estate or that member of the "defense" shall cause the destruction of those copies and certify to the Court that all such copies of the Discovery Documents have been destroyed, or, if the reasonable efforts of the counsel for the Estate do not result in causing the destruction of those copies, shall inform the Court of those individuals or entities who have copies of Discovery Documents that have not been destroyed and provide to the Court (with copies to MIT, JSTOR and the USAO) the signed copy of the protective order acknowledging receipt of the Protective Order and the agreement to be bound by it (as provided in ¶4 of the Protective Order).

    c.    Within 5 business days of the Completion Date, the Estate, counsel for the Estate, and the "defense" as that term is defined in ¶1 of the Protective Order, shall destroy the 2 sets of the Discovery Documents whose retention is permitted by subparagraph 1(b) of this Modification, and shall certify to the Court that such destruction has occurred.

3.    The Estate, counsel for the Estate, a member of the "defense" as that term is defined in paragraph 1 of the Protective Order, and/or any other person who they permitted to review or receive copies of the Discovery Documents shall not disclose any information contained in, or derived from, any material redacted in

the Publicly Available Set of Documents. For clarification, this prohibition includes but is not limited to, any public use, discussion, description or release of the information that is redacted in the Publicly Available Set of Documents.

4. No person who obtained access to the Discovery Documents in their unredacted form during the pendency of this criminal case (11-cr-10260-NMG), or thereafter, shall disclose any information contained in, or derived from, any material redacted in the Publicly Available Set of Documents. For clarification, this prohibition includes but is not limited to, any public use, discussion, description or release of the information that is redacted in the Publicly Available Set of Documents. For further clarification, nothing in this Order shall preclude JSTOR or MIT from voluntarily releasing documents from their own files.

5. If the USAO, MIT or JSTOR publicly releases its own documents with fewer redactions than will be contained in the Publicly Available Documents, nothing in Paragraphs 3 or 4 of this Modification prohibits anyone from discussing or commenting on the newly disclosed information.

SO ORDERED:

_____
Hon. Nathaniel M. Gorton

__6/3/13_____
Dated